SCHOONMAKER et al. v. HECKSCHER.

(Supreme Court, Appellate Division, First Department.    January 21, 1916.)

**1.** COVENANTS &#x27ab;51—BUILDING COVENANT—CONSTRUCTION—AREA.

A covenant between the predecessors of plaintiffs and the defendant, owner of four lots at the southwest corner of Madison avenue and Thirty-Eighth street, reciting their ownership in fee of lots "lying on each side of Thirty-Fourth, Thirty-Fifth, Thirty-Sixth and Thirty-Seventh streets and on the south side of Thirty-Eighth street, lying between Madison avenue on the westerly side and Lexington avenue on the easterly, and also on said Madison avenue," that no buildings should be erected thereon, other than brick or stone dwelling houses at least two stories high, with the ordinary yards, and churches and private stables, declared to be a covenant running with the land, excluded from the restriction all property, including defendant's lots, between Madison avenue on the west, Lexington avenue on the east, and Thirty-Eighth street on the north, as the words "and also on said Madison avenue" were qualified by the preceding words, "lying between Madison avenue on the westerly side and Lexington avenue on the easterly," and were necessarily added to include the lots on the easterly side of Madison avenue not covered by the prior language.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 50; Dec. Dig. &#x27ab;51.]

**2.** COVENANTS &#x27ab;49—BUILDING RESTRICTIONS—CONSTRUCTION.

Where the language of a restrictive covenant regarding the intention of the parties, as shown by their language, considered in connection with the circumstances, is reasonably capable of two constructions, the one that limits rather than the one that extends the restriction will be adopted, as the law favors free and unrestricted use of property.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 49; Dec. Dig. &#x27ab;49.]

**3.** COVENANTS &#x27ab;49—COVENANT RUNNING WITH THE LAND—VALIDITY.

The owner of real property has the right to restrict its uses by covenant or agreement, which restriction will be upheld, if reasonable, and not contrary to the public welfare.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 49; Dec. Dig. &#x27ab;49.]

Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Sylvanus L. Schoonmaker and others against August Heckscher. From a judgment dismissing the complaint at the opening of the trial, plaintiffs appeal. Affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and PAGE, JJ.

Edmund L. Baylies, of New York City, for appellants.
Jabish Holmes, of New York City, for respondent.

PAGE, J.    [1] The respondent is the owner of four lots on the southwest corner of Madison avenue and Thirty-Eighth street, New York City, and is about to erect thereon a commercial building. The appellants are owners of various lots in the vicinity, and have brought this action to enjoin the erection of the said structure, on the ground that it is a violation of a restrictive covenant running with the land,

alleged to have been entered into by the predecessors in title of the appellants and the respondent. · The question to be determined upon this appeal is whether the language of the said covenant, whereby it describes the metes and bounds of the area intended to be affected by the restrictions, is sufficiently comprehensive to include the lots upon which the respondent is about to build. The material portion of the covenant is as follows:

"Whereas, the several parties hereto are owners in fee simple of divers lots and parcels of ground situate in the Eighteenth ward of the city of New York, lying on each side of Thirty-Fourth, Thirty-Fifth, Thirty-Sixth and Thirty-Seventh streets and on the south side of Thirty-Eighth street lying between Madison avenue on the westerly side and Lexington avenue on the easterly and also on said Madison avenue, Lexington avenue, and Fourth avenue as the same are particularly laid down' on a map in the office of register in and for the city and county of New York, entitled 'Map of the Murray Hill Estate,' made by Joseph T. Bridges, city surveyor, February 25, 1839: Now know ye that the said several parties hereto, each of them in consideration of the covenant and agreement on the part of the others herein contained and of the sum of one dollar to each in hand paid by the others, the receipt whereof is hereby acknowledged, have covenanted, bargained, and agreed, and each of them by these presents doth covenant, bargain, and agree, with the others and with each of the others, and each for himself, his heirs and assigns with the others, their heirs and assigns, and with each of the others, his heirs and assigns, that neither of them, nor his heirs and assigns, shall or will at any time hereafter erect or cause to be erected upon any of the lots owned by them respectively, or any part of the same, any building or erection other than brick or stone dwelling houses of at least two stories in height and ,with the ordinary yard appurtenances to dwelling houses, and except churches and stables of brick or stone for private dwellings; * * * and it is further agreed and covenanted that the above covenants shall be deemed and taken to be covenants running with the land, and that in case of any violation or attempted violation of the covenants herein contained by any of the parties hereto, his, her, or their heirs, executors, or assigns, a bill may be filed by any one or more of the other parties hereto, their or his heirs, executors, or assigns, to obtain a perpetual injunction against the same."

As the lots in question are not "between Madison avenue on the westerly side and Lexington avenue on the easterly," the respondent contends that they are not within the area of restriction, and the court at Special Term has so held. The appellant claims that the words "and also on said Madison avenue, Lexington avenue, and Fourth avenue" include all of the lots owned by the parties to the agreement and facing on Madison avenue, whether they are between Madison avenue and Lexington avenue or not between those boundaries. In other words, it is claimed that the description, "lying on each side of Thirty-Fourth, Thirty-Fifth, Thirty-Sixth and Thirty-Seventh streets and on the south side of Thirty-Eighth street lying between Madison avenue on the westerly side and Lexington avenue on the easterly," relates only to the street lots, and was intended to designate the avenues between which the street lots were to be restricted, and that the following words, "and also on said Madison avenue, Lexington avenue and Fourth avenue," stand alone as a designation of the avenue lots covered by the restrictions.

It is evident that the intention of the parties was to establish an area

within which houses of a certain character alone could be constructed, and from which all obnoxious trades should be excluded. While the language of the covenant is not free from ambiguity, it seems to me that the interpretation which best effectuates the apparent object and intention of the parties is that contended for by the respondent, which excludes from the restriction all property not included between the boundaries of Madison avenue on the west, Lexington avenue on the east, and Thirty-Eighth street on the north.

The appellants' construction of the words "and also on said Madison avenue," etc., as a separate and distinct provision for the avenue lots, would include within the restriction lots numbered 183 and 184 on the "Bridges Map" at the north corner of Thirty-Eighth street, which face Madison avenue, and which adjoin lots 185 to 193, inclusive, on the north side of Thirty-Eighth, expressly excluded from the restriction by the prior provisions of the covenant. It is very improbable that such a result was intended. I am of the opinion that the entire sentence should be construed as a whole, and the words "and also on said Madison avenue" be regarded as qualified by the preceding words, "lying between Madison avenue on the westerly side and Lexington avenue on the easterly," which excludes the lots owned by the respondent. This construction gives effect to every word of the covenant. The words "and also on said Madison avenue" were necessarily added for the purpose of including the lots on the easterly side of that avenue which otherwise would not have been covered by the prior language.

[2, 3] An owner of real property has an unquestionable right to restrict its uses by covenant or agreement, and such restrictions will be upheld by the courts, provided they are reasonable, and not contrary to the public welfare, and effect will be given to the intention of the parties, as shown by the words used, considered in connection with the surrounding circumstances. But if, when so considered, the language used is reasonably capable of two constructions, the one that limits, rather than the one that extends, the restriction should be adopted, for the reason that the law will always favor the free and unrestricted use of property, and therefore all doubts and ambiguities must be resolved in favor of the natural right to the free use and enjoyment of property and against restrictions. Clark v. N. Y. Life Ins. & T. Co., 64 N. Y. 33; Clark v. Jammes, 87 Hun, 215, 33 N. Y. Supp. 1020; Kitching v. Brown, 180 N. Y. 414, 73 N. E. 241, 70 L. R. A. 742. This rule has been applied in a prior action involving a construction of another clause of the identical covenant here involved, in which it was held, both in this court and the Court of Appeals, that the language of the covenant should be strictly construed against the restriction. South Church v. Mad. Ave. Bldg. Co., 163 App. Div. 359, 148 N. Y. Supp. 519; Id., 214 N. Y. 268, 108 N. E. 444, L. R. A. 1915F, 651.

As the covenant does not clearly include the lots in controversy, and could only be construed so to do by a liberal interpretation of a portion of its language, contrary to the apparent object of the restriction

as expressed in another portion of the covenant, the doubt should be resolved in the respondent's favor.

The judgment should be affirmed, with costs.

CLARKE, P. J., and McLAUGHLIN and DOWLING, JJ., concur.

LAUGHLIN, J. (dissenting). It is conceded that the agreement containing the restrictive covenant was drawn by one of the most able counsel of his day. I am of opinion that, if he understood that the parties intended to have the restriction extend only to the lots owned by them within the area described in the opinion of Mr. Justice PAGE, he would have indicated the restricted area by stating that it extended to the lots owned by the parties within the area bounded by Thirty-Eighth street, Lexington avenue, a line midway between Thirty-Third and Thirty-Fourth streets, and Madison avenue, or bounded by Thirty-Eighth street, Lexington avenue, Thirty-Fourth street, and Madison avenue, including the street lots on the southerly side of Thirty-Fourth street between said avenues, instead of employing upwards of 50 words to specify the *street* lots and the *avenue* lots. It is reasonable, I think, if it was not intended that the restriction should extend to the lots on the westerly side of Madison avenue, that a plain simple description, such as I have indicated, would have been employed, instead of the words found in the agreement:

"Lying on each side of Thirty-Fourth, Thirty-Fifth, Thirty-Sixth and Thirty-Seventh streets and on the south side of Thirty-Eighth street lying between Madison avenue on the westerly side and Lexington avenue on the easterly and also on said Madison avenue, Lexington avenue, and Fourth avenue."

The manifest purpose, I think, of adopting the method employed, was to show the intention of the parties to extend the restrictive covenant to all *street* lots owned by them shown on the map of the Murray Hill estate, to which reference is made in the agreement, lying between Madison avenue on the west and Lexington avenue on the east, and Thirty-Eighth street on the north and Thirty-Fourth street on the south, including also the street lots on the southerly side of Thirty-Fourth street between Madison avenue and Lexington avenue, and *all* lots owned by the parties shown on said map fronting on either side of any of the three avenues, with the possible exception of the two lots on Madison avenue north of Thirty-Eighth street which are not in question here.

I therefore vote for reversal.