RAGNAR L. KJERNER and Others, Plaintiffs, v. ALICE MAY HAYHURST, Defendant.— Judgment for defendant, with costs. We think the front of defendant's lots, within the meaning of the restrictive covenant, indicates

the frontage upon Westchester avenue. The words of the restriction were chosen in view of the manner in which the property had already been plotted, and certain results, which would flow from any other construction of the covenant, are strongly indicative of the intent of the parties to the covenant. The lots were to be sold in groups of not less than two. If the construction contended for by plaintiffs were correct, a purchaser of two lots upon a corner could not build any outbuilding upon his lot. The provision requiring the lots to be sold in groups of not less than two expired by limitation in the year 1901. Thereafter single lots might be sold; and under plaintiffs' interpretation of the covenant, no building whatever could be built upon a single corner lot. The provision in the covenant, "And * * * the premises * * * shall not * * * be subdivided in parcels having less than two lots of *50 feet frontage* on the *street* " is also strongly indicative of the meaning of the word "front" when used in this covenant. As is said in *Schoonmaker* v. *Heckscher* (171 App. Div. 148): "If * * * the language used is reasonably capable of two constructions, the one that limits rather than the one that extends the restriction should be adopted, for the reason that the law will always favor the free and unrestricted use of property, and, therefore, all doubts and ambiguities must be resolved in favor of the natural right to the free use and enjoyment of property and against restrictions. (*Clark* v. *N. Y. Life Ins. & T. Co.*, 64 N. Y. 33; *Clark* v. *Jammes*, 87 Hun, 215; *Kitching* v. *Brown*, 180 N. Y. 414.)" Jenks, P. J., Rich, Putnam and Blackmar, JJ., concur; Kelly, J., dissents.