ADOLPH SCHUMAN, Plaintiff, v. SAMUEL SCHECHTER, Defendant.

Second Department, January 15, 1926.

Vendor and purchaser — action by vendor to compel specific performance of land contract — title was objected to on ground that property was subject to restriction — prior deed of other property by common grantor contained covenant not to rent store in premises herein for butcher shop as long as grantee conducted butcher shop in premises granted — deed by original grantor to plaintiff's predecessor contained covenant by grantor only that premises should not be used for butcher shop — deed to plaintiff did not contain covenant — restriction was personal and not binding.

In an action by a vendor to compel the specific performance of a land contract, the purchaser's objection to the title on the ground that the property is restricted

cannot be sustained, where it appears that a prior deed by the original grantor of property contained a covenant that the grantor would not rent the premises in question for a butcher shop so long as the grantee in that deed conducted a butcher or poultry shop in the premises granted; that the deed to the property in question from the original grantor contained a covenant on its part that so long as the premises first mentioned were used as a butcher shop, the premises in question would not be so used, and that the deed to the plaintiff did not contain any restriction.

The restriction in question was personal to the original grantor of the other property, and as soon as he discontinued personally conducting a butcher shop, the restriction had no further effect, and furthermore, the restriction in the deed by the original grantor of the property herein involved to plaintiff's predecessor did not bind the grantee in that deed not to conduct a butcher shop, but, by its terms, bound the grantor only.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Louis Bergmann,* for the plaintiff.

*Irwin W. Spiegel,* for the defendant.

JAYCOX, J. The plaintiff has entered into a written contract with the defendant to sell to said defendant the premises known as 5110 Twelfth avenue, Brooklyn. A full covenant warranty deed is to be given. The contract was in the usual form and made no mention of covenants restricting the use of the premises. On the 27th day of October, 1921, the Parkside Improvement Corporation made a deed to one Morris Schacter conveying 5104 Twelfth avenue. This deed was recorded on the 28th day of October, 1921, and contains the following covenant: " The party of the first part [Parkside Corporation] covenants and agrees not to rent any store or permit the use of any such store in any one of the three buildings adjoining the above-described premises, known as 1180 51st Street and 5106–5108–5110 12th Avenue, Brooklyn, N. Y. for the purposes of a butcher or poultry shop, as long as the party of the second part conducts a butcher or poultry shop in such premises herein first above described, but upon his discontinuing such poultry or butcher shop, this covenant shall cease and be null and void."

After Schacter bought 5104 Twelfth avenue he personally conducted a poultry and butcher shop there for a few months. Then the butcher and poultry shop was continued by another person as tenant, who is now conducting a butcher shop in the premises. Schacter is no longer the owner of the premises, having conveyed the same to Sarah Schacter in April, 1922.

In the chain of title of the premises contracted to be conveyed, 5110 Twelfth avenue, is found a deed from the Parkside Improvement Corporation to Anton Berger, dated December 5, 1921, recorded December 10, 1921, which contains the following covenant:

" The party of the first part [Parkside Corporation] covenants and agrees that as long as the premises 5104 12th Avenue are used for the purpose of a butcher shop, then the above-described premises shall not be used for any such purpose."

The deed from Berger to Schuman, the plaintiff herein, dated February 23, 1923, and duly recorded, did not contain the above restriction.

The defendant, although willing to perform said contract, refuses to accept the title on the ground that the restrictive covenant in the deed from the Parkside Improvement Corporation to Berger is still in force, and that its existence is a breach of the contract. The plaintiff contends that the covenant was personal only to Schacter, the purchaser of 5104 Twelfth avenue, and that it ceased and became null and void when Schacter personally discontinued his butcher shop there.

It has apparently escaped the observation of the parties to this controversy that the covenant in the deed from the Parkside Improvement Corporation to Berger contains no covenant made by Berger, the grantee. The covenant above quoted is a covenant made by the grantor. It may be that, in a proper action for that purpose, the covenant could have been reformed. I think, however, that such an action could not be maintained against the grantee of Berger. However that may be, under the circumstances here disclosed the covenant in the deed to Berger, even if binding upon him, is limited in its application by the terms of the covenant in the deed to Schacter. It is not shown that any covenant similar to the one in the deed to Berger was ever made in any other deed. In fact, it is clear that there was not a general scheme to maintain the character of the neighborhood. The only reason for this covenant that can be adduced from the circumstances is, that the grantor desired to prevent a violation of the covenant in the deed to Schacter. " The primary rule of interpretation of such covenants is to gather the intention of the parties from their words, by reading, not simply a single clause of the agreement, but the entire context, and, where the meaning is doubtful, by considering such surrounding circumstances as they are presumed to have considered when their minds met." ( *Kitching* v. *Brown*, 180 N. Y. 414, 427.) Applying this rule to these covenants I think it is clear that the covenant in the deed to Schacter was a personal covenant and terminated when Schacter ceased to conduct a butcher or poultry shop in the premises. The covenant in the deed to Berger was intended, I think, to be a recitation of the previous covenant made by the grantor and then to bind the grantee to an observance thereof. The latter portion of the idea was entirely omitted, and

the first part was not clearly expressed. Taking all the facts and circumstances into consideration, and applying the rule, that the construction which should be adopted in doubtful cases is the one that limits the effect of the covenant rather than the one that extends it ( *Kjerner* v. *Hayhurst,* 193 App. Div. 908), I am of the opinion that the use of the premises is not in any wise restricted by the covenant found in the chain of title thereto. The law favors the free and unrestricted use of property, and, therefore, all doubts and ambiguities must be resolved in favor of the natural right to the free use and enjoyment of the property and against restrictions. (*Schoonmaker* v. *Heckscher,* 171 App. Div. 148.)

The plaintiff is entitled to judgment for specific performance of the contract, with costs.

Present — KELLY, P. J., RICH, JAYCOX, MANNING and YOUNG, JJ.

Judgment unanimously directed for the plaintiff upon agreed statement of facts, in accordance with opinion.