CLARENCE O. JOHNSON and Others, Respondents, *v.* YOLANDE COLTER and ERNEST C. COLTER, Her Attorney, FRED G. BURE and IRVING TERRACE UNITED PRESBYTERIAN CHURCH, Appellants.

Fourth Department, June 30, 1937.

*J. Edmund Kelly,* for the appellants Yolande Colter and Ernest C. Colter.

*Elmer R. Weil,* for the appellants Fred G. Bure and Irving Terrace United Presbyterian Church.

*Harry J. Kelly,* for the respondents.

EDGCOMB, J. A court of equity has granted an injunction restraining and enjoining the defendants from erecting a church or chapel upon the premises known as lots Nos. 446 and 447 of Deerhurst Park Extension in the town of Tonawanda, Erie county. The propriety of the judgment is questioned upon this appeal.

In 1924 a tract of land, owned by the defendant Yolande Colter and known as Deerhurst Park, was laid out into 196 building lots, and a map of the subdivision was filed in Erie county clerk's office. The property was bounded on the west by a public highway, known as Delaware road, and on the east by lands owned by Mrs. Colter, and which were subsequently laid out into building lots and called Deerhurst Park Extension.

On June 10, 1924, Mrs. Colter caused to be filed in the Erie county clerk's office an agreement, signed by her and twelve owners of lots in Deerhurst Park, providing for certain restrictions governing the use of the lots in said tract, and the size, type and nature of the buildings to be erected thereon, which agreement was recorded in Erie county clerk's office in liber 1744 of Deeds at page 454. Deerhurst Park Extension was not laid out until approximately a year thereafter.

The purpose of the agreement is stated in the instrument to be the preservation of the subdivision as a high class residential district. The parties agree that the lots which have been sold to the signers should be used only for dwelling purposes of a designated type, and that the buildings should be set back from the street a specified distance. The particular clause relied upon by the plaintiffs to uphold their contention reads as follows: " It is also agreed that frame houses may be built upon lots fronting on Delaware Road, and may be built within five (5) feet of the said lines of each lot, except where said side line is a street, in which case the building line shall not be closer than ten (10) feet to said street and said Yolande Colter, may convey certain lots for Church or Club purposes."

Plaintiffs are the owners of lots in the Deerhurst Park Extension, and received their title direct from Mrs. Colter, the original owner of the entire tract, or through mesne conveyances. Their deeds contain a provision that the conveyance is " subject to building

restrictions filed in Erie County Clerk's office in Liber 1744 of Deeds at page 454."

The property of the defendant church was first deeded by Mrs. Colter to the defendant Fred G. Bure, a trustee of the church; he in turn conveyed it to the corporation. Each deed contains the restriction above quoted.

Plaintiffs claim, and the trial court has held, that the property of the defendant church, although located in the Deerhurst Park Extension rather than in Deerhurst Park, is subject to the building restrictions contained in the agreement of June 10, 1924, and that the limitations therein specified prohibit the erection of a church or chapel on the church property, because it does not front on Delaware road. I do not so construe the agreement.

While it is a paramount rule of construction that covenants should be so interpreted as to give effect to the actual intention of the parties as disclosed by the entire instrument, the authorities in this jurisdiction uniformly hold that a restrictive covenant must be construed strictly against the one who seeks to enforce it, and should never be extended beyond the fair import of the language employed, except by necessary implication. (*Buffalo Academy of the Sacred Heart* v. *Boehm Bros., Inc.*, 267 N. Y. 242, 249; *Schoonmaker* v. *Heckscher*, 171 App. Div. 148, 151; affd., 218 N. Y. 722; *Duryea* v. *Mayor*, 62 id. 592, 597; *Kitching* v. *Brown*, 180 id. 414, 427.)

If the contract is clear and unambiguous, the language used must be given its ordinary, usual and normal construction. The court, through a strained or unreasonable interpretation, is not permitted to make a new agreement for the parties. (*Cream of Wheat Co.* v. *Crist Co.*, 222 N. Y. 487, 493, 494.)

True, the clause permitting Mrs. Colter to convey certain lots for church use is not found in a sentence by itself; it is run in with the permission granted for the erection of frame houses on Delaware road within five feet of the side lines of the lot. It seems clear, however, that if the only lots which it was intended could be made available for church purposes were restricted to those fronting on Delaware road the parties would have said so in so many words. This particular clause is found at the very end of the contract, and it may very properly be construed as referring to all lots in the tract, wherever situated. The particular lots, which it was stipulated might be designated as a site for a church, were not specified; that selection was left for future determination. It is very apparent that Mrs. Colter did not understand that the lots to be used for that purpose were to be confined to those fronting on Delaware road, because she knew, when she deeded the property in question

to Mr. Bure, that it was to be transferred by him to the church corporation for the very purpose of erecting a church thereon, if a permit could be obtained from the municipal authorities. Mrs. Colter's deed, with this knowledge in mind, is a designation of the lot for church uses.

The zoning laws of the town of Tonawanda do not prohibit the erection of church buildings at this location.

It is unreasonable to believe that it was ever intended, by the restrictive covenant in question, to prevent the erection of all churches in both subdivisions except along Delaware road.

This conclusion is strengthened by the fact that in the agreement of June 10, 1924, we find the same expression, " certain lots," in a previous provision where it is said that Mrs. Colter may dedicate " certain lots " for street purposes, no reference being made to Delaware road, and no limitation being placed upon the lots which might be thus designated. If there is any doubt as to the meaning of the words " certain lots " in the restrictive clause in question, we may, in an effort to ascertain the true meaning to be given to the phrase, very properly refer back to the identical expression used in a previous part of the contract. It is reasonable to assume that the same words used in different parts of the instrument are used in the same sense, unless a different meaning is indicated. (*Robertson* v. *Ongley Electric Co.*, 146 N. Y. 20, 24.)

An owner is ordinarily possessed of the right to the free and unrestricted use and enjoyment of his property; that right will not be curtailed unless such intent is clearly made to appear. Such a purpose is not manifest here.

For the reasons stated, we think that the judgment appealed from should be reversed on the law and the facts, with costs, and the complaint should be dismissed, with costs. Certain findings of fact and conclusions of law should be reversed, and new findings and conclusions made.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.

# CASES REPORTED WITHOUT SYLLABI

### AND

## DECISIONS HANDED DOWN WITHOUT

## OPINION