VAL-KILL CO., INC., Appellant-Respondent, v. CITIES SERVICE OIL COMPANY, Respondent-Appellant.

First Department, April 10, 1951.

*Charles Landesman* for appellant-respondent.

*George H. Colin* for respondent-appellant.

COHN, J. On June 30, 1948, plaintiff leased to defendant two parcels of real property, which have been referred to in the respective leases as Parcel A and Parcel B. Both pieces are situated in Dutchess County, New York. Parcel A is located on the east side of Albany Post Road opposite the memorial to the late President Franklin D. Roosevelt. Parcel B is located on the west side of Route 9G about one-half mile east of Parcel A.

This suit was brought to recover rent under the two leases. Defendant admits the making of the leases, does not deny that the rent has not been paid, but pleads in its answer three counterclaims to recover damages allegedly sustained by plaintiff's breach of covenants of the leases. The lease of Parcel A recites that, after improvement by defendant, it is to be used by the defendant as a parking field and gasoline service station site and purposes incidental to such use. Parcel B, after improvement by defendant, was to be maintained by defendant as a gasoline station and likewise to be employed for purposes incidental to such use.

There is contained in the lease of Parcel A the following restrictive covenant: " Landlord agrees that it will not sell, lease, let, use or permit to be used any other property owned or controlled by it on the East side of the State Highway #9, which shall in any manner be in competition with the business conducted on the demised premises, it being expressly agreed that the allowance of free parking (except in connection with a proposed 24 double room cottage motel and for patrons of a proposed theatre, and transient vehicles stopped on the driveway of the Howard Johnson Restaurant), shall be deemed competition with the business of the tenant."

In the lease of Parcel B plaintiff agrees not to permit any other property owned by it in the vicinity of the demised premises " which shall in any manner be in competition with the Tenant's business upon the premises leased ".

At the time of the execution of the leases plaintiff owned or was about to acquire a large parcel of land consisting of approximately 240 acres adjacent to Parcel A and Parcel B. This tract is situated in rural country, and is one half mile from the town of Hyde Park. Late in 1949, plaintiff caused to be

constructed on this property seven garden apartment buildings, each containing ten apartments, and garages to accommodate the tenants' automobiles, and also had completed a total of forty-four one-family homes with a separate garage annexed to each such home. The apartments and private dwellings are situated over 1,000 feet from Parcel A and about a mile from Parcel B.

The first and third counterclaims are based on an alleged breach of the restrictive covenants in the two leases, in that plaintiff permitted the properties owned by it in the vicinity of the demised premises to be used to accommodate the free parking of motor vehicles in direct competition with defendant's business to defendant's damage in the sum of $86,800. We think these two counterclaims are without merit. The parking of an automobile on plaintiff's other property incidental to use by a home owner adjacent to his home in the open, or in a closed garage attached to his house, is not competition with the defendant's business and does not violate the restrictive covenants.

In opposing plaintiff's motion for summary judgment, defendant by affidavit raises a new issue, to wit, that the use of private garages for which the tenants and owners pay, also constitutes a violation of the restrictive covenants of the leases. For the purpose of this appeal we will regard the new ground as having been asserted in the counterclaim as an additional basis for the damages there claimed. However, this supplemental allegation does not aid defendant for it is clear that the restrictions were not intended to prohibit the use of the private one-car garages incidental to private homes and private residences on other properties of plaintiff in the vicinity of the demised premises. Such use of plaintiff's land by its tenants obviously was not competition with the business of defendant and did not violate the terms of the leases.

Restrictive covenants should not be interpreted beyond their clearly expressed meaning and are to be construed strictly against those who formulate and seek to impose them. (*Bau mert* v. *Malkin*, 235 N. Y. 115, 120, 121.) "The general rule for construing restrictive covenants or conditions contained in a lease is to so construe them as to carry out the intent of the parties." (*Bovin* v. *Galitzka*, 250 N. Y. 228, 232.) The courts will not deprive the owner of the right to the free and unrestricted use of his land unless such intent is clearly made to appear. (*Johnson* v. *Colter*, 251 App. Div. 697, appeal dismissed 281 N. Y. 854; *Schoonmaker* v. *Heckscher*, 171 App. Div.

148, 151, affd. 218 N. Y. 722; *Clark* v. *New York Life Ins. Co.,* 64 N. Y. 33; *Kjenrer* v. *Hayhurst,* 193 App. Div. 908, 909.) No intent can be gathered from the agreements that plaintiff was to be barred from permitting residents on other property of plaintiff to park their automobiles adjacent to their homes or keep them in a private garage attached to the resident's house.

The facts are not in dispute. As we find that the language employed in the leases is plain and unambiguous, parol evidence would be inadmissible to aid in the interpretation. The obvious intention of the parties can readily be gathered from the written instruments and a trial is unnecessary to determine the legal effect of the contracts. (*General Phoenix Corp.* v. *Cabot,* 300 N. Y. 87.) Plaintiff accordingly is entitled to an order dismissing the first and third counterclaims.

With respect to defendant's second counterclaim, it appears that the lease of Parcel A also contains the following: " 14. The Landlord agrees at its own cost and expense to clear, grade and finish with a hard surface in accordance with the plans and specifications agreed upon the area in red on the plot plan attached hereto and made a part hereof, in a manner suitable for the parking of automobiles."

On May 17, 1949, defendant addressed a letter to plaintiff demanding that the foregoing work be completed by plaintiff. The work called for in the foregoing specifications was never performed by plaintiff, but instead was performed by defendant, in part, at its own cost and expense. The amount claimed to have been expended by defendant is $1,293.72. Plaintiff does not challenge the claim but only puts in issue the amount.

The order denying plaintiff's motion for summary judgment should be reversed, without costs, and the motion granted to the extent indicated. The order denying defendant's motion should be modified, without costs, to the extent of granting summary judgment on defendant's second counterclaim and directing an assessment of the damages thereon. Settle order.

PECK, P. J., VAN VOORHIS, SHIENTAG and HEFFERNAN, JJ., concur.

Order denying plaintiff's motion for summary judgment unanimously reversed, without costs, and the motion granted to the extent stated in the opinion herein. Order denying defendant's motion unanimously modified, without costs, to the extent of granting summary judgment on defendant's second counterclaim and directing an assessment of the damages thereon. Settle order on notice.