Francis X. Conlon, J.
The plaintiffs, operators of a fruit and vegetable store under the name of M. & S. Fruit Exchange at 125 West Kingsbridge Road (Store No. 6), seek a permanent injunction restraining during the existence of their lease (1) Bensol Food Corporation, tenant occupying stores Nos. 1 and 2 of the same address, from offering for sale at retail at these premises fresh fruits and vegetables; and (2) Irving Rothstein, the landlord, from permitting the sale of such commodities in any other store owned by him in the building known as No. 125 West Kingsbridge Road.
The plaintiffs’ lease, covering the period from October 1, 1957 to September 30, 1963, contains the following provision which forms the basis for the requested injunctive relief: 1 ‘ Clause 41: The landlord warrants that he has not and agrees not to rent any other store, of which the demised premises are a part, for the sale of fresh fruits and vegetables; this restriction does not include that portion of the premises in the building of which the demised premises are a part, presently occupied by the Kingsway Market or their successors.”
*289 M. & S. has occupied the present location since 1945. Prior thereto, M. & S. was a subtenant with a fruit and vegetable concession in the Kingsway .Market, then the lessee of store No. 1. Bensol acquired the business of the supermarket which occupied store No. 1 (the Kingsway space) and on July 27, 1959, secured a new lease from Rothstein, which included store No. 2, a launderette. With permission of Rothstein, the wall separating the old supermarket from the launderette was removed and there was opened an enlarged supermarket.
It appears from the evidence submitted that this added space is devoted exclusively to the sale of meats and that the fruit and vegetable department is situated in a portion of the market formerly occupied by the Kingsway Market. The fruits and vegetables are thus being sold in a space explicitly excluded from the restrictive covenant. The fact that the new space is now part of the entire supermarket with some of it being utilized for the common checkout counters of all departments does not constitute a violation of the covenant. •
In Val-Kill Co. v. Cities Serv. Oil Co. (278 App. Div. 164, affd. 303 N. Y. 823) it is stated at pp. 166-Í67: “Restrictive covenants should not be interpreted beyond their clearly expressed meaning and are to be construed strictly against those who formulate and seek to impose them. (Baumert v. Malkin, 235 N. Y. 115, 120, 121.) 1 The general rule for construing restrictive covenants or conditions contained in a lease is to so construe them as to carry out the intent of the parties. ’ (Bovin v. Galitzka, 250 N. Y. 228, 232.) The courts will not deprive the owner of the right to the free and unrestricted use of his land unless such intent is clearly made to appear. (Johnson v. Colter, 251 App. Div. 697, appeal dismissed 281 N. Y. 854; Schoonmaker v. Heckscher, 171 App. Div. 148, 151, affd. 218 N. Y. 722; Clark v. New York Life Ins. Co., 64 N. Y. 33; Kjenrer v. Hayhurst, 193 App. Div. 908, 909.) ’’
The court also finds that (1) Bensol had no knowledge of the existence of the restrictive covenant contained in the lease of M. & S.; and (2) the plaintiffs were guilty of laches in standing idly by while Bensol was expending large sums of money in altering the store after they had notice of its intent to sell fruits and vegetables in the expanded supermarket.
Judgment is therefore given to the defendants and the complaint is dismissed.
The foregoing constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.