G. Robert Wither, J.
This is an action to enjoin the defendants from maintaining a certain “fence” on their property. The parties hereto are neighbors, residing in Jackson Heights Subdivision in the Town of Penfield, Monroe County, each couple having acquired their respective lot from the original sub-divider. The subdivision consists of 49 lots. The first 2 lots sold, to wit, lot 5 sold September 24,1958, and lot 8 sold October 3,1958, were conveyed without restriction; but all of the remaining lots were sold subject to the restrictions hereinafter quoted. A map of said subdivision was recorded in Monroe County Clerk’s office in Liber 139 of Maps at page 42.
Plaintiffs took title to lot 49 in said tract by deed dated May 16,1962 and recorded in said clerk’s office in Liber 3406 of Deeds at page 587; and defendants received title to lot 3 in the tract by deed dated August 11,1960 and recorded in said clerk’s office in Liber 3289 of Deeds at page 295. Each of said deeds contains the following restrictions: “That no fence or hedge or part thereof shall be erected, enlarged, extended or planted nearer the front property line of this lot or of any other lot in Jackson Heights Subdivision than the front of the dwelling on said premises. No fence or hedge erected, extended or planted upon such lot shall exceed four (4) feet in height. Any fence erected, extended or enlarged shall be of open construction such as ornamental wire, wood or iron. Grantor undertakes to impose the above restriction upon the subsequent sale of all lots in the Jackson Heights subdivision.”
Defendants’ lot is on the corner of Jackson Eoad and Thorn-tree Circle. Lot 5. above mentioned, facing on Jackson Eoad, is north of defendants’ lot with only one lot, 100 feet wide, between them. Plaintiffs’ lot faces south on Thorntree Circle, and lies next east of defendants’ lot.
The owner of lot 5 constructed a swimming pool thereon and enclosed it with a solid wooden fence about 5 feet in height before plaintiffs bought their lot. A wooden line fence has been built between lots 8 and 9 which may be in violation of the tract restrictions; but this fact, under the circumstances of this case, is no bar to this action.
In the Spring of 1963 plaintiffs learned that defendants planned to construct a swimming pool on their lot and enclose it with a solid wooden “ fence ”, and Karl Stauss, one of the plaintiffs, advised defendants not to erect such a fence because it would be in violation of the tract restrictions. Nevertheless, defendants proceeded to construct the pool and enclose it with cedar planking, erected to a height of 4 feet where it meets their residence and 4 feet above the level of the pool, but to a height *66 above the ground around the pool of 4% feet on the east side facing plaintiffs’ lot and over 5 feet at the southeast corner. It appears that some of the dirt from the excavation for the pool was placed around the pool, so that the level of the pool is a couple of feet or so above the contour of the rest of defendants’ lot.
Defendants’ “ fence ” extends from their house around three sides of the pool and back to the house; and there is from 1 foot to 3 feet of space between the inside of the£,£ fence ” and the pool. At its eastern end, nearest to plaintiffs, it is 10 to 12 feet from the lot line between the plaintiffs’ and defendants’ lots.
The first sentence of the restrictions, quoted above, forbids the erection or extension of a fence or hedge nearer the front property line of any lot in the tract than the front of the dwelling on such lot. It is not claimed that defendants have violated the restriction in that sentence. Clearly, it was the subdivider’s intention, by that provision, to keep all of the areas in the tract between the street and the front line of the dwellings unobstructed by fences or hedges, just as they must be unobstructed by buildings. Presumably, the subdivider had in mind forbidding the erection or extension of line fences or hedges nearer to the street than the front line of the dwelling on any lot; but any fence or hedge, whether on the lot line or not, placed nearer the street than the front of the dwelling thereon would seem to violate the intent of the subdivider as expressed in such provision.
In the second sentence of the restrictions it is provided that no fence erected on a lot shall exceed 4 feet in height; and the third sentence provides that 11 any fence erected ’ ’ shall be of ££ open ” construction. If the literal meaning of those sentences were intended, defendants ’ ‘£ fence ’ ’ would constitute a violation thereof.
When restrictions concerning the use of real property are contained in a deed, ‘ ‘ effect will be given to the intention of the parties as shown by the words used, considered in connection with the surrounding circumstances. But if, when so considered, the language used is reasonably capable of two .constructions, the one that limits rather than the one that extends the restriction should be adopted, for the reason that the law will always favor the free and unrestricted use of property, and, therefore, all doubts and ambiguities must be resolved in favor of the natural right to the free use and enjoyment of property and against restrictions.” (Schoonmaker v. Bechscher, 171 App. Div. 148, 151, affd. 218 N. Y. 722; Bovin v. Galitzka, 250 N. Y. 228; Blair v. Ladue, 14 A D 2d 373, 375.) £|£ The law favors the *67 free and unobstructed use of property, and it is well settled that, if a restrictive covenant is capable of more than one interpretation, it will be construed against the party who is endeavoring to extend it.” (Premium Point Park Assn. v. Polar Bar, 306 N. Y. 507, 512.)
Although the restrictions in the deeds at bar are superficially clear, when ‘ ‘ considered in connection with the surrounding circumstances ” they are “ capable of more than one interpretation ’ ’, and hence that interpretation favoring the freedom of use of defendants’ lot must be adopted. The term “ fence ” may be used in many ways, but with respect to subdivided lots it is commonly used in connection with separation of the lots, that is, meaning a lot line fence. That such was the intent of the subdivider in this instance is apparent from the fact that he placed no other restriction on the use of the lots. There is no restriction upon defendants’ erecting an addition to their home, which this in fact is — a Summer-use addition. Had defendants enclosed the pool with a complete room structure, even with a glass roof which could be opened in suitable weather, no one could question their right to do so.
This structure, “fence”, is designed to protect the users of the pool from wind and view, and to protect wanderers from the danger of the pool. In no way does it have the appearance of, nor does it constitute, a spite fence.
Plaintiffs object to the obstruction of their view across defendants’ lot by the pool enclosure; but clearly it cannot be reasonably contended that defendants may not enlarge their house or may not place a garage on the pool site, which would equally obstruct plaintiffs’ view. The restrictions give plaintiffs no rights to preserve their view across defendants’ lots, except as to the limitation placed upon defendants in the erection of a fence. If the “ fence ” were of ornamental wire 4 feet in height, presumably defendants could place a canvas windbreak around it, which would equally obstruct plaintiffs’ view. Considered from an aesthetic viewpoint, one might speculate as to whether any other structure which defendants’ could lawfully erect, including possibly the common “ blind ” for concealing ash or garbage cans, would be less offensive than the cedarwood plank enclosure which defendants have built around their pool.
Prom the foregoing it is evident that the purpose of the restrictions was not to limit a lot owner in the. use of his lot behind the front dwelling line and inside his lot lines, but was designed only to limit the type of fence which could be erected on lot boundary lines.
*68 It is the court’s opinion, therefore, that the word “fence” as used in the second and third sentences of the restriction was intended to refer only to a lot line fence; and that the defendants’ “fence”, erected as it was as a protection around the swimming pool and not near the lot line, does not violate the tract restrictions. The action to enjoin defendants’ continuance thereof is, therefore, dismissed.