Paul Creditor, J.
This action is brought by Henry and Patricia Rowan, plaintiffs, to recover $1,192.50 paid at a real estate closing at which they were purchasers of a single family residence located at No. 4 Susan Lane, Fort Salonga. *160 Ell-Dav Corporation, a building company, and John Jenkins, its president, are defendants.
The amount in question represents a prepayment penalty demanded at the closing by the Huntington Federal Savings & Loan Association in order to satisfy a building loan mortgage which had been placed upon the property by the defendant corporation.
Plaintiff accuses the defendant corporation of breach of contract, and accuses both defendants of fraud, duress, and misrepresentation.
In 1969, defendant Ell-Dav Corporation entered a building loan mortgage with Huntington Federal Savings & Loan Association, which was convertible to a permanent mortgage in accordance with the terms of the sales contract between plaintiff and defendant. The building mortgage apparently contained a provision charging a prepayment penalty should Ell-Dav sell the property and fail to convert the building mortgage with the bank into a permanent mortgage with the new purchasers.
The sales contract between the parties was made contingent upon the ability of the purchasers to obtain a firm mortgage commitment from Huntington Federal for $45,000, self-liquidating over 25 years, at 714% interest or the maximum prevailing rate at the time of closing.
Plaintiffs duly applied for a mortgage with the Huntington Bank and secured from the Bank a commitment for $45,000 for 25 years at 714% per annum. Thereupon plaintiffs shopped around for a mortgage commitment with terms more advantageous to them. Further application was made to Huntington Bank to revise its existing commitment by lowering the interest rate. The bank then offered alternatively changes of $44,-500 at 714% or $44,500 at 7% plus $900 "processing fee”.
Plaintiffs then obtained a mortgage commitment with Bankers Trust Company, for $45,000 for 25 years at 7%.
Plaintiffs advised defendants’ attorney, Mr. Benjamin Murphy (now deceased), that they wished to close title at the Bankers Trust Company. Mr. Murphy consented to this, and the closing was scheduled for June 20, 1971. At the closing the Rowans learned for the first time that Ell-Dav Corp. intended to charge them $1,192.50, which represented the penalty charged Ell-Dav under its building mortgage with the Huntington Bank. Ell-Dav refused to close unless the Rowans paid *161 the disputed amount. In the meantime the revised mortgage commitment with the Huntington Bank remained open. The Rowans were told that if they would accept a mortgage with the Huntington Bank, the $1,192.50 would not be charged. The Rowans refused to pay and the closing was thereafter rescheduled for June 29, 1971 at which time the Rowans insisted on closing with Bankers Trust and paid the $1,192.50 fee "under protest.” Plaintiff claimed that defendants practiced fraud and duress upon them to make them pay the fee or lose the house.
The major issue herein is whether the Rowans were obligated by the express terms of the sales contract to secure a mortgage from the Huntington Bank, or whether they could engage another lending institution without legal effect. The pertinent contract language on this point follows: "This agreement is contingent upon the ability of the purchasers to secure a firm mortgage commitment from the Huntington Federal Savings & Loan Association in the amount of $45,000.00, self-liquidating over a period of 25 years, at a rate of TVz% per annum or the maximum rate prevailing at the time of closing.” Defendant argues that this language obligated purchasers to not only secure the mortgage commitment but also to actually procure a mortgage with the Huntington Bank. Plaintiffs argue that they were free to shop around for a mortgage with terms more advantageous to them.
Here the language to be construed is unambiguous on its face. It makes the agreement "contingent upon the ability of the purchasers to secure a firm mortgage commitment from the Huntington” Bank. (Emphasis added.) Thus a demonstration of "ability” is called for. Purchasers are not required to actually procure the mortgage from Huntington Federal — only securing of a commitment from that bank is necessary.
Although defendants may have intended that the mortgage be arranged through Huntington Federal, the actual words of the contract clearly do not reflect this. Language used in an unambiguous contract must be given its ordinary, usual and normal construction. (Johnson v Colter, 251 App Div 697.) Where language of a contract is unambiguous, the words plain and clear, conveying a distinct idea, there is no occasion to resort to other means of interpretation. (Matter of Western Union Tel. Co. [American Communications Assn.], 299 NY 177.)
Plaintiffs complied with the literal terms of this contract *162 provision by demonstrating their ability to secure the required mortgage commitment from Huntington Federal. Nothing in the contract required that the mortgage actually be procured from Huntington Federal. Plaintiffs were free to procure the 7% mortgage from Bankers Trust Company once they had secured the commitment from Huntington Federal. Defendant had no legal right to charge purchasers $1,192.50 at the closing to cover its building mortgage with Huntington Federal. This amount must be returned to plaintiffs.