■ MODELL'S N.Y., INC., Appellant, v MACERICH QUEENS CENTER LIMITED PARTNERSHIP, Respondent. [766 NYS2d 16] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered February 6, 2002, which, after a nonjury trial, denied plaintiff's request for a declaration that defendant's planned redevelopment and expansion of the Queens Center Mall violates the parties' lease, declared in defendant's favor that the proposed redevelopment is permitted by the lease, and otherwise dismissed the complaint, unanimously affirmed, without costs. Appeal from the underlying order, same court and Justice, entered February 4, 2002, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Plaintiff Modell's N.Y., Inc., relying upon a lease provision prohibiting defendant landlord from unreasonably interfering with the visibility of its store signs and permitting plaintiff to have a prominent sign on a structure known as the "helix," seeks, inter alia, a declaration that defendant's plan to redevelop the mall in which plaintiff's store is located will, if implemented, violate plaintiff's contractually guaranteed signage rights. The trial evidence, however, provided ample sup-

port for the trial court's findings that, following the proposed redevelopment, plaintiff's store signage will be at least as prominent as it was before and, accordingly, that the challenged redevelopment plan will not violate the lease. To construe the lease as restricting defendant from doing anything to impair the visibility of the particular signs extant at the time the lease was entered into would amount to an unreasonable restriction on defendant's right, expressly recognized in the lease, "to increase, reduce or change the number, type, size, location, elevation, nature and use of any of the Common Area and any of the buildings and other improvements in the Shopping Center, including, without limitation, the right to move and/or remove same." A restriction on the use of real property such as that advocated by plaintiff is disfavored (see *Huggins v Castle Estates*, 36 NY2d 427, 430 [1975]; see also *Val-Kill Co. v Cities Serv. Oil Co.*, 278 App Div 164, 166 [1951], *affd* 303 NY 823 [1952]), and plaintiff did not meet its burden to demonstrate clearly and convincingly (see *Huggins, supra*) that such a restriction was intended.

Nor did plaintiff demonstrate that the proposed redevelopment would violate the lease by unreasonably interfering with plaintiff's store's display windows or means of ingress and egress. Indeed, the evidence showed that access to the store would likely be enhanced by the redevelopment.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Rosenberger and Marlow, JJ.