William B. Brennan, Jr., J.
The defendant Jones (also known as Hathorn) moves to dismiss the complaint which rests upon article 15 of the Beal Property Law and which seeks a declaration that restrictive covenants contained in a 1925 deed from Bedell Bealty Company, Inc. (Bedell) to Jones and referred to in a 1928 deed from Bedell to J. L. & F. H. Bealty Corporation (J. L. Bealty) are inoperative and of no effect with respect to lands and premises now owned by the plaintiff and derived through J. L. Bealty by a deed which makes no reference to the Jones’ deed restrictions.
Jones owns land described herein and in the deed to her as lots 5, 6, and 7 on a map of property in the Village of Hemp-stead made in October, 1925. This comprises a parcel at the northeast corner of Bedell Avenue and St. Paul’s Place. The plaintiff’s property is at the northwest corner of the two streets, across Bedell Avenue from the Jones parcel, and is described as lot 58 (about 130 feet by 68 feet) on a map made in October, 1928, but which is also the corner part of lot 70 (about 215 feet by 128 feet) on the map made in October, 1925. Except as otherwise expressly indicated, references herein to lot 70 will be deemed to include the plaintiff’s land.
The conveyance of lots 5, 6 and 7 to Jones in 1925 was made subject to covenants and restrictions burdening said lots by limiting construction on each thereof to one-family dwellings not less than two stories high costing at least $20,000 and having certain street setbacks (50 feet) and side yards (5 feet), and by banning manufacturing, trade or business uses, among other things. These covenants were made to run with the land and to bind the grantee and her heirs and assigns until legally altered or annulled as provided in the deed or otherwise. The method of such alteration or annulment provided for in the deed was that of a written agreement between Bedell or its successors and the owner of the premises in respect of which it was agreed to alter or annul the same, and of the owners of the “ adjoining or contiguous premises on the same street on said map, including premises the corner only of which adjoins or is contiguous, without the consent of any other party.”
*712 In 1928 Bedell conveyed property inclusive of plot 70 to J. L. Realty by a deed which stated that the conveyance was subject to the reservations, covenants and agreements, “ so far as they may be applicable thereto ”, contained in the 1925 deed to Jones. J. L. Realty shortly thereafter conveyed land (including lot 70) to Pewade Construction Co., Inc., without making reference to the covenants and restrictions in the Jones’ deed, but imposing restrictions .of a less severe nature. The conveyance to the plaintiff in 1959 by a grantee whose title came through Fewade was made subject only to the covenants and restrictions contained in the J. L. Realty deed to Fewade.
The object of the action is a judgment that the restrictive covenants in the deed to Jones and referred to in the deed to J. L. Realty are inoperative with respect to plaintiff’s premises and that his premises are free of the same.
Upon this motion, all relevant allegations of fact and inferences that may fairly be drawn therefrom are deemed admitted (First Nat. Bank v. International Radiant Corp., 5 A D 2d 1043; Wolf v. Gold, 9 A D 2d 257; St. Regis Tribe of Mohawk Indians v. State of New York, 5 N Y 2d 24, 36).
Prom the Jones’ deed it appears that the covenants were expressly applicable to lots numbered 5, 6 and 7 only, the language used making reference solely to “ any one of said lots numbers 5, 6 and 7” and to “said premises” and to “ the granted premises ” among other specific references. The conveyance by Bedell to J. L. Realty subject “ to the reservations, covenants and agreements (so far as they may be applicable thereto) ” contained in the deed from Bedell to Jones does not necessarily and unequivocally impose any of the foregoing covenants on the plaintiff’s property. The complaint with reference thereto may not, therefore, be deemed insufficient.
The law favors constructions of language leading to free and unrestricted use of property and, therefore, resolves doubts and ambiguities in favor of free use and enjoyment of property and against restrictions (Schoonmaker v. Heckscher, 171 App. Div. 148, 151; Morrill Realty Corp. v. Rayon Holding Corp., 135 Misc. 845, 848; Korn v. Campbell, 192 N. Y. 490).
The motion is accordingly denied and the defendant may answer within 20 days after service of a copy of the short-form order made hereon.