Howard A. Zeller, J.
This is a motion by plaintiffs for partial summary judgment directing defendants either to remove or to lower the height of a fence constructed around a swimming pool, which defendants erected in their backyard at 365 Earl Avenue, Oneida, New York. Defendants have a common line with the backyard of plaintiffs, residing at 358 Cleveland Avenue, Oneida, New York. In addition, the complaint seeks the restoration of a prior ornamental picket fence allegedly removed by defendants, and damages for trespass, which raises the basic actual issue of the location of the common boundary line for trial determination.
Plaintiffs’ premises are designated as Lot No. 13 on a map of the Seth Earl tract dated April 20,1923, and filed in the Madison County Clerk’s office. Defendants’ property is designated as Lot No. 20 on this Seth Earl tract map. Contained in the various deeds from Seth Earl, the common grantor, to the original grantees of the lots in the so-called Seth Earl tract there is a covenant or restriction limiting to four feet the height of any fences erected within the tract.
*696 In the Summer of 1965 defendants erected a swimming pool in their backyard and the ornamental picket fence was replaced by a six-foot high, redwood, solid-woven fence, which fully encloses the pool area.
■Subsequent to the initiation of this action, the Common Council of the City of Oneida passed an ordinance effective April 1, 1967 requiring that all outdoor swimming pools (with a non-pertinent exception) be fully enclosed by wire or wooden fencing and locking gates of at least five feet but not more than seven feet in height.
Section 7 of the ordinance states that, ‘ ‘ Any person violating any provision of this ordinance shall be fined not less than Twenty-five dollars ($25.00) nor more than Two Hundred dollars ($200.00) for e:ach offense; and a separate offense shall be deemed committed on each day during or on which a violation occurs or continues.” Although the issue has not been raised on this motion, such an ordinance has been held a constitutional and proper exercise of municipal powers. (Mason v. Mayor & Council of Borough of Hillsdale, 53 N. J. Super. 500.)
Thus, if these defendants previously had not erected their fence (which prima facie complies with the ordinance), it appears they would be required to do so now. Adherence to the restrictive deed clause limiting fencing height to four feet, on the other hand, would force either a removal of the pool or sufferenee of the ordinance penalties. Either course amounts to a substantial deprivation of defendants’ full use and enjoyment of their property.
On the other hand, defendants’ fence does diminish to some extent plaintiffs’ enjoyment of the neighborhood area as an. adjunct to their premises, which was a reasonably discernable and proper objective of the common grantor in establishing fence height limitations in the original deeds.
‘ ‘ The law favors * * * free and unrestricted use of property and, therefore, resolves doubts * * * in [its] favor * * # and against restrictions.” (Wright v. Brooks, 30 Misc 2d 710, 712.) In the instant case, defendants have elected what to them is the best use of their property in erecting their pool. Perforce, had they not then erected the enclosing fence in a height exceeding the deed limitations, defendants would be required to do so now in order to continue legally their use of the premises.
And as to the impact of the city’s pool fencing ordinance, “ If the regulation is reasonable and is promulgated within the authority of a municipal corporation in the valid exercise of its police powers, then the regulation must stand, even though it *697 constitutes a deprivation of use of property.” (Co-Pilot Enterprises v. Suffolk County Dept. of Health, 38 Misc 2d 894, 897.) Here, the ultimate effect of the city ordinance actually is to deprive these plaintiffs of a collateral property right — that of a view of their neighbors’ backyard relatively unrestricted by fencing. The impact is minimal on these plaintiffs in comparison with the gravity of the public purposes behind the ordinance, and defendants’ valid and proper direct use and enjoyment of their premises.
But even without the ordinance, the posture of the facts here pits the right of defendants to use and enjoy their own backyard as a pool area, with reasonably protective fencing (a use relatively unheard of in 1923, but now not uncommon), against the right of the plaintiffs to view defendants’ backyard. The ordinance aside, the principles of equity would cast at least this portion of plaintiffs’ case under the shadow of the equitable maxim, “ de minimis non curat lex”. (See Ungrich v. Shaff, 119 App. Div. 843.)
Plaintiffs’ motion for summary judgment directing removal of, or the lowering of the height of defendants’ fence should be denied.