■ STELLA ETKIN, Appellant, v. HULDAH M. HYNEY, Respondent.— *Per Curiam.* Appeal from a judgment in favor of defendant entered upon a decision rendered at a Trial Term of the Supreme Court in an action for a permanent injunction. Defendant conveyed to plaintiff lands on the west shore of Lake George upon which plaintiff constructed a dwelling. Defendant retained title to lands adjoining on the north and south and to a small island reached by a footbridge. In her conveyance to plaintiff, the defendant restricted the use of her shore parcel on the south and that of the island to "private residential uses only"; and later she constructed, on property other than these restricted lands, six dwellings, referred to as summer cottages. On the oral argument it appeared that these were substantial and fairly costly structures. Each was leased for the four-month summer season, the two as to which there was specific testimony for $2,800 and $2,500, respectively. The complaint sought, so far as now material, to enjoin the construction of a road on the shore parcel to permit access by defendant's tenants to the lake, to enjoin such tenants' passage over the shore parcel and their use of the island for picnicking, swimming, boating and parking. The testimony upon which this relief was sought related to the uses of the properties in 1966 and 1967 and, except for the innocuous testimony of one of defendant's lessees, was elicited entirely from plaintiff's husband. He said that in 1966 and 1967 "children and adults used the beach area * * * used the island for boating, swimming, picnicking * * * on several occasions a small motor boat was actually driven through the shallow area right onto the shore. Boats were launched at that site. On one occasion I noticed a child riding a bicycle into the water at that site." The uncontradicted proof, in part documentary, was that none of defendant's leases conferred any rights to the uses complained of; that defendant extended the "courtesy" of one or more of such uses to some of her friends and to one of her lessees in 1966 and to two of them in 1967, limiting permission to the "ones that I cared to extend that courtesy to". In construing conveyances containing covenants running with the land, the authorities uniformly hold that restrictive covenants must always be construed against those seeking to enforce them. (*Buffalo Academy of Sacred Heart* v. *Boehm Bros.*, 267 N. Y. 242, 249; *Minister, etc., Reformed Prot. Dutch Church* v. *Madison Ave. Bldg. Co.*, 214 N. Y. 268; *Schoonmaker* v. *Heckscher*, 171 App. Div. 148, affd. 218 N. Y. 722.) It is equally well settled that where such a covenant is reasonably capable of two constructions, the construction which limits the restriction, rather than the one which extends it, should be adopted. (*Single* v. *Whitmore*, 307 N. Y. 575; *Premium Point Park Assn.* v.

*Polar Bar,* 306 N. Y. 507.) In the context of this record, the acts proven were not inconsistent with "the private residential uses" stipulated in the deed. Picnicking, swimming and boating are incidental to the use of residential lake property and most certainly were contemplated by the parties. Also consistent with the covenant was the enjoyment of facilities of this nature by defendant's family and guests and by some few of her tenants, after passing, to the extent necessary, over the access road on the shore parcel, all by her invitation, and with no indication of any business or commercial exploitation of the restricted properties. We point out, however, that our conclusions in this regard rest on the proof in this record; and beyond that we are not called upon to hypothesize. In any event, there has been no showing of damage warranting injunctive relief; and none can be inferred from the trivia to which plaintiff's witnesses testified. Judgment affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Greenblott, JJ., concur in memorandum *Per Curiam.*