KATHLEEN FANNING, Appellant v BETTY GROSFENT et al., Respondents.

Third Department, July 21, 1977

*Albert I. Lonstein* for appellant.

*Kaiser, Murray & Traficanti (James J. Murray* of counsel), for respondents.

SWEENEY, J. P. Plaintiff and defendants own contiguous parcels of real property acquired by deeds from a common grantor. The deeds contain various restrictive covenants, the relevant portions of which are stated as follows:

"6. That no out-buildings of any kind shall be constructed or

erected upon the premises excepting one detached two-car garage.

"7. That no fences or hedges of any nature or description shall be erected or permitted to grow beyond the height of three (3) feet above the surface of the ground."

In 1969, some 10 years after defendants acquired their lots, they applied for and received a building permit to construct a swimming pool on the premises. While an ordinance requiring a fence of not less than four feet in height enclosing the pool was not enacted until March 4, 1974, it was pending in 1969 and public hearings had been held. Complying with the permit and the directive of the village inspector, defendants erected a four-foot chain link fence, a portion of which was located along the 115-foot boundary line between the rear portions of defendants' and plaintiff's property. The fence enclosed defendants' entire backyard where the pool was located. Also erected at the same time was a seven-foot by eight-foot metal building used to house the filter for the swimming pool. On January 27, 1970, some six months after the completion of the work, defendants, for the first time, were notified by letter from plaintiff's attorney that the fence violated the covenants contained in the deeds. Thereafter, the instant action was commenced seeking injunctive relief. After a trial the complaint was dismissed and this appeal ensued.

Basically we are confronted with the paramountcy of two conflicting directives, the three-foot restriction imposed by the deeds and the minimal four-foot fence height mandated by the permit and ultimately by the ordinance. Initially, we point out that the action is one in equity and therein a restrictive covenant will be enforced by preventive remedies unless the attitude of the complaining owner in standing on his covenant is unconscionable or oppressive (*Evangelical Lutheran Church v Sahlem*, 254 NY 161, 166). Injunctive relief will be determined as oppressive where it appears that the injury is not serious or substantial and where the restraining acts complained of would subject the other party to great inconvenience and loss (*Forstmann v Joray Holding Co.*, 244 NY 22, 29-30; see Real Property Actions and Proceedings Law, § 1951, subd 1). In other words, it would appear that where one seeks to enforce a restrictive covenant a determination to some extent will be based on a balancing of equities.

Applying these general principles to the instant case, we are of the view that the complaint was properly dismissed and the

judgment should be affirmed. An examination of the record demonstrates that defendants expended some $1,000 to erect the fence and plaintiff made no complaint for six months. Photographs received in evidence depicting a view of the premises reveal a neat, attractive and inoffensive building (filter) and fence. Considering the record in its entirety we discern nothing which could be objectionable to plaintiff or detrimental to her property or restrictive to its use. On the other hand, a compliance with the restrictive covenant would result in a considerable monetary loss to defendants, resulting in serious hardship with no substantial benefits to plaintiff. It is also significant that defendants acted in good faith in compliance with the law. Under such circumstances, an injunction should not issue (*Etkin v Hyney,* 32 AD2d 704, 705). Furthermore, we are of the view that a municipal ordinance imposing certain fence requirements, should supersede a restrictive covenant (*Sanders v Fiore,* 53 Misc 2d 695). The findings and decision of the trial court are amply supported by the record.

The judgment should be affirmed, with costs.

KANE, MAIN, LARKIN and HERLIHY, JJ., concur.

Judgment affirmed, with costs.