■ VILLAGE GREENS RESIDENTS ASSOCIATION, INC., Appellant, v EDWARD KAROLEWICZ et al., Respondents. — In an action for a permanent injunction, plaintiff appeals from a judgment of the Supreme Court, Richmond County (Rubin, J.), dated August 25, 1980, which, after a nonjury trial, dismissed its complaint. Judgment affirmed, without costs or disbursements. The plaintiff homeowners' association seeks an injunction to compel the defendants to restore their home to its original architectural design by removing two bay windows which the defendants constructed in place of the originals. The defendants never obtained permission to make the alterations as required by *article 5* of a declaration of covenants, restrictions and agreements, which prohibits any change in architectural design without permission of the Village Greens Residents Association. Upon our review of the record, we find that the plaintiff's complaint was properly dismissed. It is settled that not every violation of a restrictive agreement entitles an aggrieved party to equitable

relief. (See *Forstmann v Joray Holding Co.,* 244 NY 22.) The record here discloses that no alteration was made by the defendants which could legitimately be objectionable to the plaintiff or detrimental to its property. In contrast, compelling the defendants to comply with the restrictive covenant would involve considerable expenditure by the defendants with virtually no benefit to the plaintiff. (See *Fanning v Grosfent,* 58 AD2d 366.) Moreover, it is not without significance in this regard that the plaintiff chose not to institute this action for an injunction until some eight months after the completion of the bay windows. And, finally, in light of the plaintiff's previous approval of other installations and alterations which detracted from the absolute uniformity of the development, it cannot now be contended that such uniformity is an inviolable interest. Under all the circumstances, therefore, we conclude that a permanent injunction should not issue. We note that we do not sanction the manner in which the defendants undertook the alteration without previous approval by the plaintiff. Nevertheless the equities herein compel affirmance. Mollen, P. J., Damiani, Gulotta and Cohalan, JJ., concur.