■ DONALD LYNK, Appellant, v KENNETH P. LEGGETT et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court (Connor, J.), entered February 16, 1990 in Columbia County, which, *inter alia,* denied plaintiff's motion for summary judgment.

In 1975, plaintiff acquired an 18-lot subdivision known as the Lynk Subdivision in the Town of Livingston, Columbia County. In September 1984 defendants, Kenneth P. Leggett and Deborah L. Leggett, purchased from plaintiff a parcel within the subdivision designated lot 6. The deed to defendants recited that the lot was subject to certain restrictive covenants which had been duly filed in 1973. Paragraph 1 of the covenants provided in relevant part that, on any lot, "no

more than one single family dwelling not to exceed two (2) stories may be erected * * * and no more than one two-car garage appurtenant thereto * * * and, if detached, the garage shall be on the rear of the lot". Additionally, paragraph 12 provided that "all plans and specifications for construction shall be submitted and prior approval obtained from the owner of [the Lynk Subdivision]".

Defendants completed construction of a residence on lot 6 in 1985. Thereafter, by a letter from his counsel dated May 11, 1988, Kenneth Leggett informed plaintiff that he planned to build a two-door garage adjacent to his house on lot 6, but submitted no plans for plaintiff's approval. In late May 1988, defendants commenced and completed construction of a 28 by 32-foot structure described by the building plans as a "pole barn". By letter dated June 22, 1988, plaintiff's counsel advised defendants' counsel that, *inter alia,* plaintiff objected to the structure and that defendants' failure to first submit their plans to plaintiff constituted a violation of paragraph 12 of the restrictive covenants.

Plaintiff commenced this action in October 1988 seeking a judgment directing defendants to remove the structure from their lot. Following discovery, plaintiff moved for summary judgment on the complaint. This appeal followed from Supreme Court's denial of that motion.

We affirm. It is undisputed by defendants that they did not obtain plaintiff's approval of their building plans prior to construction. In our view, however, this failure, while clearly constituting a violation of the covenant contained in paragraph 12, is not in and of itself a sufficient basis to support a judgment directing removal of the structure. Nor does plaintiff's unequivocal assertion in his supporting affidavit that he would have denied approval had he first reviewed the plans warrant the equitable relief sought here. Rather, in the absence of any language in paragraph 12 setting forth criteria or standards governing the exercise of plaintiff's power of approval, it must first be determined whether plaintiff's refusal to grant approval would have been reasonable and not arbitrary *(see, Donoghue v Prynnwood Corp.,* 356 Mass 703, 255 NE2d 326; *Syrian Antiochian Orthodox Archdiocese v Palisades Assocs.,* 110 NJ Super 34, 264 A2d 257; *Rhue v Cheyenne Homes,* 168 Colo 6, 449 P2d 361; *La Vielle v Seay,* 412 SW2d 587 [Ky]; *Hannula v Hacienda Homes,* 34 Cal 2d 442, 211 P2d 302; Annotation, 40 ALR3d 864, 879, § 4).

In his supporting affidavit, plaintiff averred, *inter alia,* that defendants' pole barn is out of character with other structures

in the subdivision, excessive in size and located on the front of the lot in violation of the restrictive covenant contained in paragraph 1. Plaintiff also submitted an affidavit from a licensed land surveyor who stated that "the barn is located on the front half of lot 6 and is closer to the road than is the residence". This affidavit, however, is entirely conclusory and lacking in any measurements or other details designating the rear of the property. The accompanying subdivision map depicting lot 6 is of little assistance in this regard. Thus, we agree with Supreme Court that plaintiff's proof was insufficient to establish, as a matter of law, that defendants' structure is located on the front of the lot.

As to plaintiff's claim that the structure is out of character with those in the surrounding area, Kenneth Leggett asserted in his opposing affidavit that two other recently constructed garages within the subdivision are similar in nature and size to his own. This was disputed by plaintiff's reply affidavit which described the other garages and stated that they are completely dissimilar in size, structure and appearance to that of defendants' garage. Again, the photographs contained in the record are not helpful in resolving the parties' conflicting contentions. Based upon the foregoing, we conclude that factual questions exist as to whether plaintiff's disapproval would have been reasonable *(see, La Vielle v Seay, supra)*. Accordingly, Supreme Court correctly denied plaintiff's motion for summary judgment.

Order affirmed, with costs. Weiss, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.