MELVIN T. ICKES et al., Respondents, v CHRISTIAAN BUIST et al., Appellants. [890 NYS2d 641]—

The plaintiffs are the owners of property in Rhinebeck which, pursuant to a deed dated May 6, 1959, includes the grant of a right-of-way over property now owned by the defendants. The deed provides that "[t]his right-of-way is to be used in common with others for ingress and egress until such time as the said right-of-way is accepted as a public street." In July 2007 the plaintiffs hired a paving company to repave their driveway, including a portion which extends through the right-of-way

easement as a "driveway apron" leading to a public thoroughfare designated as Maplewood Drive. After the defendants attempted to remove the repaved portion of the driveway within the easement, the plaintiffs commenced this action seeking, inter alia, an injunction prohibiting the defendants from interfering with their use of the driveway, including the portion located within the easement. Upon reargument, the Supreme Court, in an order dated August 4, 2008, inter alia, granted that branch of the plaintiffs' cross motion which was for summary judgment on the cause of action for injunctive relief. We affirm that order insofar as appealed from by the defendant Christiaan Buist.

" 'Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some other reason mistakenly arrived at its earlier decision' " (*Barnett v Smith*, 64 AD3d 669, 670-671 [2009], quoting *E.W. Howell Co., Inc. v S.A.F. La Sala Corp.*, 36 AD3d 653, 654 [2007] [internal quotation marks omitted]; *see* CPLR 2221 [d]). Here, the plaintiffs, in support of their cross motion for summary judgment, established their prima facie entitlement to judgment as a matter of law on their cause of action for injunctive relief by demonstrating that the repavement of the driveway apron did not expand the driveway, and was necessary to effectuate the exercise and enjoyment of the easement (*see Hoeffner v John F. Frank, Inc.*, 302 AD2d 428, 430 [2003]). The plaintiffs, "having a right of passage for vehicles over the easement, have a right to maintain it in a reasonable condition for such use" (*Bilello v Pacella*, 223 AD2d 522 [1996]; *see Missionary Socy. of Salesian Congregation v Evrotas*, 256 NY 86, 90-91 [1931]; *Schoolman v Mannone*, 226 AD2d 521, 522 [1996]). In opposition, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Since the Supreme Court overlooked or misapprehended the relevant facts and law in mistakenly arriving at its initial determination, it properly granted leave to reargue and, upon reargument, granted that branch of the plaintiffs' cross motion which was for summary judgment on the cause of action for injunctive relief.

The remaining contentions of the defendant Christiaan Buist are without merit. Dillon, J.P., Florio, Miller and Angiolillo, JJ., concur.