Spain, J.
Appeal from an order of the Supreme Court (Ferradino, J.), entered June 12, 2012 in Saratoga County, which granted defendants’ motion to dismiss the complaint.
Plaintiffs and defendants are neighbors in the Seeyle Estate West subdivision in the Town of Ballston, Saratoga County. All parties to this action have deeds to their respective properties from a common grantor containing 11 enumerated restrictive covenants, principally designed to preserve the aesthetics of their neighborhood. Plaintiffs commenced this action seeking a permanent injunction and damages, alleging that defendants violated several of such covenants when, in 2011, they installed six solar panels in their side yard. Thereafter, defendants moved to dismiss the complaint or, in the alternative, for summary judgment. Finding a complete defense based upon documentary evidence, Supreme Court dismissed the complaint (see CPLR 3211 [a] [1]). Plaintiffs appeal.
We now reverse. In support of dismissal pursuant to CPLR 3211 (a) (1), the only documentary evidence that defendants rely upon is their deed containing the restrictive covenants. Essentially, defendants assert, and Supreme Court found, that the restrictive covenants on their face establish a defense as a matter of law. Plaintiffs allege that the solar panels installed by defendants violate three particular restrictive covenants. We agree that the seventh restrictive covenant is inapplicable, inasmuch at its prohibition against “[sjtorage of any materials, building materials, building equipment, furniture, household goods, garden equipment, garbage cans, animal cages, automobile equipment, propane tanks, signs, etc.” in front and side yards, does not, on its face, encompass the erection of solar panels because the panels are not stored items, but permanent structures (see Dever v DeVito, 84 AD3d 1539, 1543 [2011], lv dismissed 18 NY3d 864 [2012]). Likewise, we agree that the solar panels clearly are not “storage sheds” which are subject to strict limitations under the ninth restrictive covenant (see id.-, Buttonwood Ltd. Partnership v Blaine, 37 AD3d 910, 912 [2007]).
We reach a different conclusion, however, with respect to plaintiffs assertion that the panels violate the second restrictive covenant in the deeds, which states: “Said premises shall not be used for the storage of building materials, automobiles or automobiles parts, nor shall any nuisances be maintained on *1121 said premises, which may be in any manner dangerous or noxious or offensive to the neighborhood inhabitants” (emphasis added). We find that plaintiffs have alleged facts that could support a cause of action based on violation of this covenant. Specifically, we hold that it was sufficient for plaintiffs to allege that the installation of six, 14-foot tall, 8-foot wide solar panels within a neighborhood that carries many aesthetic restrictions is, within the meaning of the restrictive covenant, a nuisance “which may be in any manner dangerous or noxious or offensive to the neighborhood inhabitants.” Defendants strenuously urge that the word “nuisance” must be afforded the same meaning we give it in the context of an independent cause of action alleging a nuisance and, thus, plaintiffs should have pleaded all the elements necessary to support a cause of action for a private nuisance. We disagree, finding that the language of the deeded restrictive covenant must be interpreted to ascertain the meaning intended and, ultimately, the word “nuisance” as used there may be determined to carry a different meaning than that given it in the context of the specific cause of action created by common law (see Brody v St. Onge, 167 AD2d 671, 673 [1990]).*
In the interest of judicial economy, we also address defendants’ alternative argument that they are entitled to summary judgment under CPLR 3212 (see Craine v NYSARC, Inc., 88 AD3d 1105, 1107 [2011]; Sanacore v Sanacore, 74 AD3d 1468, 1469-1470 [2010]). We hold that defendants did not meet their initial burden of demonstrating, as a matter of law, that the solar panels are not a nuisance within the meaning of the restrictive covenant. In any event, plaintiffs’ responsive papers, including an affidavit of a neighbor and photographic evidence alleging that, at certain times of the day, the panels emit a blinding glare that poses a danger to motorists exiting his driveway, would be sufficient to raise a triable issue of fact on the issue (see Dever v DeVito, 84 AD3d at 1542-1543; LaJoy v Luck Bros., Inc., 34 AD3d 1015, 1017 [2006]; see also Pilatich v Town of New Baltimore, 100 AD3d 1248, 1250 [2012]).
Peters, EJ., Lahtinen and Stein, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.

 Even applying the common-law definition, given that “[o]ne who, by intentional action or inaction, substantially and unreasonably interferes with others’ use and enjoyment of their lands has committed a private nuisance” (Doin v Champlain Bluffs Dev. Corp., 68 AD3d 1605, 1611-1612 [2009], lv dismissed 14 NY3d 832 [2010]), we would still find that plaintiffs have stated a cause of action based on violation of the restrictive covenant (see Korenman v Zaydelman, 237 AD2d 711, 712 [1997]).