Tarsel v Trombino (2018 NY Slip Op 08779)





Tarsel v Trombino


2018 NY Slip Op 08779


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, AND TROUTMAN, JJ.


1007 CA 17-02136

[*1]MICHAEL J. TARSEL AND SUZANNE M. TARSEL, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
JAMES J. TROMBINO, DEFENDANT-APPELLANT-RESPONDENT. 






PULLANO & FARROW, ROCHESTER (LANGSTON D. MCFADDEN OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT. 
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN G. FELTER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered June 21, 2017. The order and judgment granted in part the motion of defendant for summary judgment dismissing the complaint and declared that plaintiffs may make certain improvements to an easement. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the declaration is vacated, the motion is denied in its entirety and the complaint is reinstated.
Memorandum: Defendant appeals and plaintiffs cross-appeal from an order and judgment, which declared that plaintiffs may repair and improve an easement subject to certain conditions and granted defendant's motion for summary judgment dismissing the complaint except to that extent.
The parties are neighbors. Defendant owns a private access road that extends from the nearest public road, past the entrance to plaintiffs' driveway. Between defendant's private road and the entrance to plaintiffs' driveway is a narrow strip of unpaved land, which defendant also owns. Plaintiffs have an easement over the private road and the strip of land, both of which they need to use in order to access their driveway and property. The strip of land, however, deteriorated over time, resulting in an elevation differential that has caused vehicles entering plaintiffs' property to scrape their undercarriages when they cross from the easement to the driveway. Plaintiffs approached defendant about paving the strip to allow for smooth access to the driveway by vehicles. Defendant raised concerns that paving the strip would cause water to drain onto his property, pool there, and freeze during the winter months, creating a hazardous condition. Plaintiffs refused to discuss defendant's concerns. Instead, plaintiffs contracted to have the strip paved, and defendant had the asphalt removed the day after it was installed.
Plaintiffs commenced this action seeking money damages in the amount of $1,300, punitive damages, a permanent injunction restraining defendant from interfering with future maintenance and repair of the easement, and costs and attorneys' fees. Defendant moved for summary judgment dismissing the complaint. After searching the record, Supreme Court "adjudged and declared that plaintiffs may make improvements to the easement to correct the impediment to reasonable access to the driveway on their land," subject to conditions: "[T]hey may make improvements to the easement as necessary to correct the impediment to reasonable access to the driveway on their land. Their right is conditioned on the improvements being done in a fashion that will not cause water to pool on the easement or increase the amount of water that has pooled historically. A further condition is that the improvements are to be only as much as necessary to change the grade to allow ordinary vehicles from scraping when entering and exiting the driveway, but in any event, may not exceed the dimensions of the previous [*2]improvement." The court otherwise granted the motion and dismissed the complaint except to that extent. We conclude that the court erred, and we therefore reverse the order and judgment, vacate the declaration, deny the motion in its entirety, and reinstate the complaint.
A party's right of passage over an easement carries with it the " right to maintain it in a reasonable condition for such use' " (Ickes v Buist, 68 AD3d 823, 824 [2d Dept 2009]; see Schoolman v Mannone, 226 AD2d 521, 521-522 [2d Dept 1996]). The right to repair and maintain an easement includes "the right to carry out work as necessary to reasonably permit the passage of vehicles and, in so doing, to not only remove impediments but supply deficiencies in order to construct [or repair] a suitable road' " (Lopez v Adams, 69 AD3d 1162, 1163-1164 [3d Dept 2010], quoting Missionary Socy. of Salesian Congregation v Evrotas, 256 NY 86, 90 [1931]; see Ickes, 68 AD3d at 823-824; Bilello v Pacella, 223 AD2d 522, 522 [2d Dept 1996]). The right to repair and maintain, however, is "limited to those actions necessary to effectuate the express purpose of [the] easement' " (Lopez, 69 AD3d at 1164; see Albrechta v Broome County Indus. Dev. Agency, 274 AD2d 651, 652 [3d Dept 2000]), and thus the work performed must not "materially increase the burden of the servient estate[] or impose new and additional burdens on the servient estate[]" (Lopez, 69 AD3d at 1164; see Shuttle Contr. Corp. v Peikarian, 108 AD3d 516, 517 [2d Dept 2013]). Relatedly, the servient landowner has a "corresponding right[] to have the natural condition of the terrain preserved, as nearly as possible' . . . and to insist that the easement enjoyed shall remain substantially as it was at the time it accrued, regardless of whether benefit or damage will result from a proposed change' " (Lopez, 69 AD3d at 1164).
Defendant contends on his appeal that the court erred in searching the record and entering a declaratory judgment in plaintiffs' favor. We agree. As an initial matter, although plaintiffs did not seek declaratory relief, the court has the authority to "grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just" (CPLR 3017 [a]; see Buttonwood Ltd. Partnership v Blaine, 37 AD3d 910, 912 [3d Dept 2007]). We conclude, however, that the declaration was not appropriate given the evidence presented here. First, although the declaration refers to an "impediment" in the driveway, plaintiffs do not seek to remove any impediments, and there is no record evidence of impediments. Rather, plaintiffs seek to supply deficiencies by paving over an unpaved strip of land within the easement. Second, although the declaration requires that any improvements be made "so as not to cause water to pool on the easement or increase the amount of water that has pooled historically," that does not speak to defendant's concern. Defendant is concerned with water pooling on portions of his property adjacent to the easement, not with water pooling on the easement itself. There is, moreover, no evidence that water historically pooled on the portions of defendant's property adjacent to the easement, and it is the pooling of water there that defendant seeks to prevent. Third, although the declaration limits the right to make improvements to those "necessary to change the grade to allow ordinary vehicles from scraping when entering and exiting the driveway," the use of the word "ordinary" is problematic. Plaintiff Michael J. Tarsel testified that his truck does not scrape on the driveway, but his wife's Mercedes does, and that a sports car would be unable to enter or exit the driveway. We do not believe that a truck is less "ordinary" than a Mercedes or a sports car. In summary, the declaration contains flaws that the respective parties could exploit in order to assert rights greater than they have with respect to the property at issue. We therefore conclude that the declaration must be vacated.
Defendant's further contention on his appeal that the action is frivolous is not properly before us because it was not raised before the trial court (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). In any event, that contention is wholly without merit.
Plaintiffs contend on their cross appeal that the court erred in granting in part defendant's motion for summary judgment dismissing the complaint. We agree. The record establishes that the improvement to the easement was present for less than 24 hours, and there is no evidence of precipitation during that period. Furthermore, defendant conceded in his deposition testimony that it would be impossible to know how the improvement would have affected drainage on his property. Defendant thus failed to establish that he had a right to remove the improvement because the improvement would have imposed a burden on his property in the manner that he described (see generally Lopez, 69 AD3d at 1163-1164). Inasmuch as defendant failed to meet his initial burden on summary judgment, the court should have denied his motion in its entirety without regard to the sufficiency of plaintiffs' opposition papers (see Winegrad v New York Univ. [*3]Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court