■ DAITCH CRYSTAL DAIRIES, INC., Respondent, v. HARRY NEISLOSS et al., Individually and as Copartners Doing Business Under the Name of B-H-B ASSOCIATES, et al., Appellants.— Appeal from a judgment entered after trial restraining the appellants Neisloss and the appellant Braunstein from filing any building plans for the construction of a supermarket on certain real property and from constructing such supermarket, and restraining appellant Dilbert Quality Supermarkets, Inc., from conducting or operating or using the real property involved as a supermarket. Respondent is a lessee of store premises, the store being one of 17 retail stores in a single building on the westerly side of Union Avenue in Flushing, Queens County. Under the terms of the lease respondent is given an exclusive right to conduct a supermarket. The rental is computed upon a percentage of respondent's gross business. The landlords (appellants Neisloss and Braunstein) propose to construct an additional building on vacant land adjoining on the south the land upon which respondent's store is situated, and has entered into a lease agreement with appellant Dilbert for use of the newly constructed building as another supermarket. Respondent contends that such new construction and use is violative of the landlords' covenant giving an exclusive right to respondent. Appellants contend that the landlords' covenant grants exclusive use to respondent only in respect of the existing building (in which respondent's store is located) and in respect of some land on the opposite, or easterly, side of the street, and that the covenant does not restrict the landlords from the proposed use of the vacant land adjoining the land upon which respondent's store is located. Judgment affirmed, with costs. It appears by an express term, and by properly implied terms, of the lease agreement that respondent's exclusive right extends to the vacant land shown on the plot plan annexed to and made part of the lease agreement. Inasmuch as the amount of the rental is computed upon the amount of the lessee's gross business, a so-called "percentage lease", there is necessarily a mutual covenant, whether expressed or not, of extreme good faith by each party, both as to the interpretation and as to the performance of the agreement. (Cf. *Slice* v. *Carozza Props.*, 215 Md. 357; *Topol* v. *Smoleroff Development Corp.*, 264 App. Div. 164; *Cissna Loan Co.* v. *Baron*, 149 Wash. 386 [cited in *Mutual Life Ins. Co.* v. *Tailored Woman*, 309 N. Y. 248, 254, see, also, 255–256]; *Goldberg [168-05 Corp.* v. *Levy*, 256 App. Div. 1086; *Bovin* v. *Galitzka*, 250 N. Y. 228, 232; *La Shelle Co.* v. *Paul Armstrong Co.*, 263 N. Y. 79, 87.) Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to reserve the judgment and to dismiss the complaint, with the following memorandum: The lease between appellants Neisloss and Braunstein and respondent's assignor was carefully drawn, and clearly defines the rights and obligations of the parties thereto. The landlords' covenant that they would not permit other property to be used as a supermarket was expressly limited to the "premises in the building of which the demised premises is one of the stores", and the property on the easterly side of Union Street, referred to in paragraph Fifty-first of the lease. There is no express covenant in the lease with respect to the property which is the subject of the present dispute, and which, at the time of the making of the lease, was not owned or leased by appellants Neisloss and Braunstein, and none may be implied. The restrictive covenant is clear and unambiguous and may not be extended by implication. (*Burr* v. *Stenton*, 43 N. Y. 462, 464; *Mutual Life Ins. Co.* v. *Tailored Woman*, 309 N. Y. 248, 252; *Val-Kill Co.* v. *Cities Serv. Oil Co.*, 278 App. Div. 164, 166, 167, affd. 303 N. Y. 823.) [16 Misc 2d 504.]