■ SUNRISE PLAZA ASSOCIATES, Appellant, v INTERNATIONAL SUMMIT EQUITIES CORP., Respondent, et al., Defendants.—In an action, *inter alia,* for a judgment declaring whether a proposed addition to a shopping center would create an "obstruction" in violation of a restrictive covenant, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), dated August 12, 1988, which, *inter alia,* declared that the proposed construction did not violate the restrictive covenant, vacated a preliminary injunction, and denied the plaintiff's request for a permanent injunction.

Ordered that the judgment is affirmed, with costs.

The central issue at bar concerns the application, if any, of a restrictive covenant to the respondent's proposal to construct a building and pedestrian walkway on its premises. The respondent and the plaintiff each own adjacent, separate parcels of land containing stores, parking and automobile access ramps. Together, the parcels comprise a strip shopping center in which customers have free access to cross back and forth between the two parcels. The restrictive covenant, by its terms, states that, "no obstruction shall be erected between the adjacent 'common areas' of [the plaintiff's and the respondent's properties]". We agree with the Supreme Court that the respondent's proposal for construction did not constitute an "obstruction" as contemplated by the covenant.

It is well settled that "the policy of the law is to favor the free and unobstructed use of realty * * * and that covenants restricting the use of property will be strictly construed against those seeking to enforce them" *(Huggins v Castle Estates,* 36 NY2d 427, 430). The party seeking to enforce a restrictive covenant must establish a violation by clear and convincing proof *(see, Huggins v Castle Estates, supra,* at 430). Moreover, where the language used in a restrictive covenant is equally capable of two interpretations, the less restrictive interpretation must be adopted *(Thrun v Stromberg,* 136 AD2d 543).

The covenant at bar did not prohibit construction on either of the adjacent parcels of land. In fact, the covenant actually contemplated the possibility of future construction. We hold, as the trial court did, that the covenant, which prohibited "obstructions" from being erected, was intended to restrict the parties from erecting a barrier which would prevent the free flow of pedestrian or vehicular traffic between the adjoining parcels. It is clear that the defendant's proposed construction would not constitute such an "obstruction". The plaintiff's

other contention is without merit. Thompson, J. P., Lawrence, Balletta and Rosenblatt, JJ., concur.