■ Greek Peak, Inc., et al., Respondents, v Bruce M. Grodner et al., Appellants, et al., Defendants.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered October 12, 1988 in Cortland County, upon a decision of the court, without a jury, in favor of plaintiffs.

Defendants Bruce M. Grodner and Joann C. Grodner[1] own a house and property in the Arcadia Subdivision, section IV, in the Town of Virgil, Cortland County. This subdivision was developed by plaintiff Greek Peak, Inc. (hereinafter plaintiff) and is subject to the following recorded tract restriction: "No above ground swimming pools, outside laundry, dirt driveways or free standing TV, FM, ham radio or aerial towers will be permitted on any lot." After plaintiff's architectural review board denied defendants' request to place a satellite dish on their property, defendants nonetheless installed a satellite dish on a pole adjacent to their house. The pole was placed in the ground and secured by concrete. Additionally, the pole was attached to the house by four brackets and went through a hole cut in the soffit on the roof of the house.

Plaintiff then commenced this action alleging that the satellite dish installation was a freestanding tower which violated the above-quoted tract restriction. Plaintiff sought to have the installation removed. After defendants answered and discovery was completed, a nonjury trial was held. At the beginning of the trial, plaintiff moved to add Greek Peak Associates as a party plaintiff because plaintiff had conveyed its interest in the subdivision to this latter party. Supreme Court granted the motion over defendants' objection.[2] Following the trial, Supreme Court determined that the satellite dish and pole were freestanding and, thus, violated the applicable tract restriction. Accordingly, Supreme Court ordered defendants to remove the satellite dish and that portion of the pole which extended above the roof line. From the judgment entered thereon, defendants appeal.

A restrictive covenant, as a limitation on the free and uninhibited use of real estate, is narrowly construed against the party seeking enforcement (see, *Huggins v Castle Estates,*

1. Other defendants have not appealed from the judgment so our references to defendants are only to the Grodners.

2. We find no abuse of Supreme Court's discretion in granting this motion (see, CPLR 1018; see also, Siegel, NY Prac § 184, at 224). Our further references to plaintiffs are to both party plaintiffs, who appeared together.

36 NY2d 427, 430). The burden then is on the party seeking enforcement to establish the covenant by clear and convincing evidence *(supra; see,* 43 NY Jur 2d, Deeds, § 223, at 417). In this case, plaintiffs' proof that the installation was a free-standing tower essentially turned on the testimony of their expert engineer. This witness testified on direct examination that the pole and antenna "would be capable of standing on its own", but on cross-examination answered "No" when asked if the pole with the satellite dish on defendants' property is freestanding. This contradictory testimony is exacerbated by the fact that the expert's only examination of the installation was from a distance of some 40 or 50 feet. He did not examine any bolts holding the brackets to the house, ascertain how far, if at all, the pole went into the ground or determine if any concrete was used. Indeed, the witness conceded that whether the installation was freestanding depended on such factors as the weight of the satellite dish, the quality of the soil and the amount of concrete used, and that his opinion was based on assumptions about these factors without knowing the objective facts. Such nebulous testimony is simply insufficient to satisfy plaintiffs' burden of establishing the restrictive covenant by clear and convincing proof. Therefore, Supreme Court erred in finding that the installation was a freestanding tower prohibited by the restrictive covenant.

Judgment modified, on the law, with costs to defendants Bruce M. Grodner and Joann C. Grodner, by deleting the first decretal paragraph thereof and dismissing the complaint against said defendants on the merits, and, as so modified, affirmed. Mahoney, P. J., Mikoll and Harvey, JJ., concur.

Casey and Weiss, JJ., dissent and vote to affirm in a memorandum by Casey, J. Casey, J. (dissenting). Supreme Court concluded that the restrictive covenant at issue prohibited both a freestanding television antenna and an aerial tower, and the court found that defendants' television satellite dish violated both of these prohibitions. Since there is adequate support in the record for Supreme Court's conclusions and factual findings, we would affirm the judgment.

Plaintiffs' expert presented undisputed testimony that defendants' structure was such that it was readily capable of being freestanding. The structure consisted of a steel pole, about five inches in diameter, embedded in the ground with a height above ground in excess of 20 feet and with a satellite dish on top. The expert qualified his opinion upon the assumption that the structure was properly embedded in the ground, but it is our view that the question of whether the pole was

installed according to accepted engineering practices is irrelevant to the issue of whether the structure violates the restrictive covenant. Had the structure been located in the yard away from defendants' house it clearly would have been in violation of the covenant even if its installation did not meet accepted engineering standards. While a strong wind might bring such a structure down, the structure would violate the covenant as long as it remained standing. Although restrictive covenants should be narrowly construed, it is unreasonable to read the restriction herein as applying only to those structures that have been installed according to accepted engineering practices.

In addition to the expert testimony that the structure was of the type that would be readily capable of standing alone, plaintiffs also introduced the deposition of the defendant who installed the structure, which states that the pole was placed in a hole approximately two feet in diameter and four feet deep and that concrete was poured in to hold the pole. It is our view that this evidence satisfied plaintiffs' burden of proving that defendants' satellite dish constituted a freestanding structure which violated the restrictive covenant and that the incidental attachment of the structure to the house did not change its character. Detailed evidence concerning the exact method of the pole's installation in the ground and other matters which might show that the structure did not violate the restriction since it was incapable of standing without its attachment to the house were solely within the control of defendants,* and therefore defendants bore the burden of coming forward with that evidence once plaintiffs established their prima facie entitlement to relief.

---

* Plaintiffs' expert would have had to trespass on defendants' property and dig up the offending structure in order to determine soil conditions and the amount and type of concrete used to support the pole.