entry. (Appeals from Order of Supreme Court, Orleans County, Whelan, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.

■ DONALD W. JONES et al. Respondents, v JOHN V. FOWLER et al., Appellants. (Appeal No. 1.) [609 NYS2d 709] —Order unanimously affirmed with costs. Memorandum: We affirm for reasons stated in the decision at Supreme Court. We add only that, unlike *Zaccaro v Congregation Tifereth Israel* (20 NY2d 77) and other authority cited by defendants, plaintiffs did not delay in asserting their rights, and defendants were neither induced to act nor prejudiced by the silence or acquiescence of plaintiffs. Plaintiffs are not estopped from enforcing the deed restrictions by having ignored previous violations. "The plaintiffs are entitled to ignore inoffensive violations of the restriction[s] without forfeiting their right to restrain others which they find offensive" *(Gordon v Incorporated Vil. of Lawrence,* 84 AD2d 558, 559, *affd* 56 NY2d 1003; *see also, Rowland v Miller,* 139 NY 93, 103-104).

We reject defendants' contention that the restrictions are ambiguous or unclear. The commonly understood meaning of "outbuilding" excludes the excessively large structure erected by defendants, and the restrictions are sufficiently certain and clear to be enforceable.

Supreme Court did not abuse its discretion in denying defendants' motion to be permitted to bring the structure into conformity with the restrictions. In light of the circumstances that preceded defendants' completion of construction, defendants' "position does not appeal to the equitable conscience" *(Westmoreland Assn. v West Cutter Estates,* 174 AD2d 144, 152). (Appeal from Order of Supreme Court, Wayne County, Strobridge, J.—Permanent Injunction.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.

■ DONALD W. JONES et al., Respondents, v JOHN V. FOWLER et al., Appellants. (Appeal No. 2.) [609 NYS2d 886] — Order unanimously affirmed with costs. Same Memorandum as in *Jones v Fowler* (201 AD2d 878 [decided herewith]). (Appeal from Order of Supreme Court, Wayne County, Strobridge, J.— Permanent Injunction.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.

■ DAVIS AUCTION HOUSE, INC., Respondent, v ONTARIO NATIONAL BANK, Appellant and Third-Party Plaintiff, et al., Third-Party Defendant and Fourth-Party Plaintiff, et al.,