■ BEAR MOUNTAIN BOOKS, INC., Appellant, v WOODBURY COMMON PARTNERS et al., Respondents. [649 NYS2d 167] —In an action, *inter alia,* to recover damages for breach of an exclusive use provision in a lease, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Owen, J.), dated October 31, 1995, which, upon an order granting the defendants' motions for summary judgment and denying the plaintiff's cross motion for partial summary judgment, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

In 1987, the defendant Woodbury Common Partners leased space in its factory outlet shopping center to the plaintiff. The lease contained the following provision: "Landlord agrees that it will not in the future lease another store in the Shopping Center to a tenant whose principal (more than 50%) business would be the sale of books or video rentals".

Subsequently, the Woodbury Land Company, L.P. (hereinafter Woodbury Land) developed a factory outlet shopping center on a parcel of land adjoining the outlet center previously developed by the Woodbury Common Partners. Once completed, Woodbury Land, which was closely related to the Woodbury Common Partners, leased space in the new outlet center to the defendant Book Warehouse, Inc., for the sale of books and related items. In 1993, Woodbury Common Partners and Woodbury Land transferred ownership of their respective outlet shopping centers to the defendant Chelsea GCA Realty Partnership, L.P.

The plaintiff commenced the present action based on an alleged breach of the exclusive use provision in its lease with the Woodbury Common Partners. The Supreme Court granted the defendants summary judgment based on its finding that the exclusive use provision did not apply to the outlet center subsequently developed by Woodbury Land. We agree.

The law favors the free and unobstructed use of realty *(see, Huggins v Castle Estates,* 36 NY2d 427; *Sunrise Plaza Assocs. v International Summit Equities Corp.,* 152 AD2d 561). Accord-

ingly, covenants restricting the use of property are strictly construed against those seeking to enforce them *(see, Huggins v Castle Estates, supra; Sunrise Plaza Assocs. v International Summit Equities Corp., supra)*. Restrictive covenants such as "use clauses" in leases should be enforced according to the intent of the parties, which will be primarily determined from the lease *(see, Sky Four Realty Co. v C.F.M. Enters.,* 128 AD2d 1011). While ambiguities will generally be construed against the drafter *(see, 67 Wall St. Co. v Franklin Natl. Bank,* 37 NY2d 245; *Sky Four Realty Co. v C.F.M. Enters., supra)*, where there are two equally plausible interpretations of a restrictive covenant, the less restrictive interpretation will be adopted *(see, Sunrise Plaza Assocs. v International Summit Equities Corp., supra)*. The burden of proof is on the party seeking to enforce the restrictive covenant and the existence and scope of the covenant must be established by clear and convincing evidence *(see, Greek Peak v Grodner,* 75 NY2d 981; *Huggins v Castle Estates, supra; Sunrise Plaza Assocs. v International Summit Equities Corp., supra)*.

In the present case, there is no indication that the parties intended, at the time the lease was executed, to extend the exclusive use provision to a shopping center independently developed after the lease was executed and eventually acquired by the landlord's successor-in-interest. Moreover, the "Shopping Center", as that term is used in the lease, is defined by reference to a map which does not include the parcel subsequently developed by Woodbury Land. Thus, there is no basis in the record to apply the exclusive use provision to the space leased by Book Warehouse, Inc. *(see, King Drug Stores v Ramsgate Realty Co.,* 152 Misc 41, *affd* 241 App Div 806; *cf., Daitch Crystal Dairies v Neisloss,* 8 AD2d 965, *affd* 8 NY2d 723).

The plaintiff's remaining contention is without merit *(see,* CPLR 3212 [b])*. Rosenblatt, J. P., O'Brien, Sullivan and McGinity, JJ., concur.