■ EUGENE LEDDA et al., Appellants, v PAUL S. CHAMBERS et al., Respondents. [726 NYS2d 491] —Mercure, J. P. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered August 30, 2000 in Warren County, which, *inter alia*, granted defendants' cross motions for summary judgment dismissing the complaint.

Defendant Paul Smith Chambers owns two contiguous parcels of real property on Hubbell Lane in the Town of Lake George, Warren County. Title to one parcel (hereinafter the unencumbered parcel) derives from a May 1907 deed from Old Mill Farm Company to Helen Peabody, which placed no restrictions on the use of the property conveyed. Title to the other parcel (hereinafter the encumbered parcel) derives from an August 1908 deed, also from Old Mill Farm Company to Peabody, which contained a restrictive covenant against commercial use of the property conveyed. Peabody died in 1926. In 1942, Peabody's two devisees each conveyed their one-half interest in the two parcels, as well as a third parcel that is not

at issue here, by separate deeds to Chambers' predecessor in title. Those 1942 deeds, which are critical to the theory underlying the complaint, each describe the unencumbered parcel and the encumbered parcel as they were described in the 1907 and 1908 deeds and, following the description of all three parcels, each contains the following additional language: "The three tracts or parcels hereby conveyed are granted subject to all agreements, covenants, reservations, easements, conditions and restrictions of record provided the same are not now violated either by the structures or by the present use and occupancy of the premises."

In December 1999, the Town of Lake George Planning Board issued a land use and development permit for construction of a commercial warehouse and retail facility on Chambers' property. After an unsuccessful CPLR article 78 proceeding brought by plaintiffs Jeffrey Rougeau and Eugene Ledda, plaintiffs commenced this action to permanently restrain the erection or maintenance of any retail or commercial establishments on any of the parcels conveyed to Chambers' predecessor in title by the 1942 deeds. The theory underlying the complaint is that the 1942 deeds had the effect of joining the parcels into a single parcel, the entire area of which became encumbered by the restrictive covenant against commercial activity, thereby precluding defendants' proposed commercial use of any part of the property.

Following joinder of issue, plaintiffs moved and defendants separately cross-moved for summary judgment. Supreme Court concluded that the parcel upon which defendants proposed to conduct the commercial activity was not subject to any restrictive covenant and also that the action was barred by the doctrine of res judicata as the result of its prior dismissal of the CPLR article 78 proceeding. It therefore denied the motion, granted the cross motions and dismissed the complaint. Plaintiffs appeal.

We affirm. "[T]he law has long favored free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them" (*Witter v Taggart*, 78 NY2d 234, 237; *see, Doin v Bluff Point Golf & Country Club*, 262 AD2d 842, 842-843, *lv denied* 94 NY2d 753). Therefore, "[c]ourts will enforce restraints only where their existence has been established with clear and convincing proof" (*Witter v Taggart, supra,* at 238). In our view, the evidence submitted and contentions advanced by plaintiffs in support of their summary judgment motion and in opposition to defendants' cross motions fall far short of that standard. Notably,

plaintiffs cite to no legal authority for their assumption that the unencumbered parcel and the encumbered parcel somehow lost their separate identities when joined in the 1942 deeds, and we see nothing in the language of those deeds evidencing an intention to subject the unencumbered parcel to any new restriction. To the contrary, we agree with defendants that the previously quoted recital at the end of the 1942 deeds merely serves to place the grantees on notice of the existence of restrictive covenants that are already on record. Further, given defendants' competent and uncontroverted evidentiary showing that the proposed improvements are to be made only on the unencumbered parcel, Supreme Court did not err in granting summary judgment in their favor.

The parties' remaining contentions are either unpreserved for our consideration, need not be considered or have been considered and found to be lacking in merit.

Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.