■ JOHN B. TURNER, JR., Appellant, et al., Plaintiff, v DOUGLAS R. CAESAR, Respondent. [737 NYS2d 426] —Rose, J. Appeal from an order of the Supreme Court (Dowd, J.), entered September 27, 2000 in Chenango County, which granted defendant's motion for summary judgment dismissing the amended complaint.

Plaintiff John B. Turner, Jr. and defendant derive title to their real properties on Chenango Lake from a common grantor, Norwich Water Works, as the result of a 1923 deed containing these restrictive covenants: "The premises and rights herein described are granted and conveyed upon the

condition and agreement that the premises are to be used and occupied by the party of the second part, his heirs and assigns, only for the purpose of constructing and maintaining thereon one or more summer residences, and that no intoxicating liquors shall be sold or kept for sale upon said premises. * * * Also upon the condition and agreement that the party of the second part, his heirs and assigns, shall not commit nor permit any nuisances upon said premises, nor any act which shall materially interfere with the health, comfort or pleasure of the owners or occupants of the remaining lands * * * heretofore or hereafter sold for summer homes or residences." After acquiring his property in 1995 by a deed that reiterated these restrictions, defendant constructed a residence there. In January 1997, this action was commenced seeking a judgment declaring that defendant's year-round use of his property violates the two covenants quoted above and enjoining him from using the property for purposes inconsistent with its use as a summer residence. Following discovery, defendant moved for summary judgment. Finding the terms "summer residence" and "summer homes" to be ambiguous because the summer season can be defined by the calendar, school vacation or warm weather, Supreme Court held the covenants to be unenforceable and granted defendant's motion. The court also found that the equities favored defendant and that plaintiff failed to raise an issue of fact as to defendant's violation of the second covenant. Plaintiff appeals.*

The law favors the free and unencumbered use of real property and, to that end, the courts strictly construe restrictive covenants against the party seeking to enforce them (see, Witter v Taggart, 78 NY2d 234, 237). The presence of an ambiguity in a restrictive covenant, however, does not necessarily preclude its enforcement, but rather requires the court to construe the covenant to limit, rather than extend, its restriction (see, Etkin v Hyney, 32 AD2d 704, 704; see also, Freedman v Kittle, 262 AD2d 909, 911; Gitlen v Gallup, 241 AD2d 856, 858; Bear Mtn. Books v Woodbury Common Partners, 232 AD2d 595, 596, lv denied 90 NY2d 808; cf., Silverstein v Shell Oil Co., 40 AD2d 34, 36, affd 33 NY2d 950). Thus, for example, this Court in, Van Schaick v Trustees of Union Coll. (285 AD2d 859), recently interpreted a covenant prohibiting business uses as not excluding an administrative office operated by a not-for-profit college. Contrary to defendant's contention, however, our ruling in that case did not invalidate the covenant but, rather,

* Plaintiff Robert Allen died during the pendency of this appeal and the appeal as to him has been withdrawn and discontinued.

allowed a specific use not unequivocally prohibited by the language of the covenant (*id.* at 862).

Here, Supreme Court correctly identified the ambiguity in the first covenant to be the time period intended by the word "summer." In doing so, Supreme Court rejected defendant's suggestion that "summer residences" is also ambiguous in that it could refer to a type of residence as well as a time of use. Since any type or style of structure can be utilized as a summer residence, we agree that the use of the word "summer" refers to the time of residential use. While "summer" can refer to different time periods depending on what months are taken to be the beginning and ending of that season, it surely cannot include the entire year and thus permit year-round residential use. Supreme Court should resolve the issue raised by this temporal ambiguity against plaintiff by construing "summer" to mean the longest period of time that could reasonably be called "summer" considering the lake's location and typical seasonal uses. As a result, Supreme Court erred in declaring the covenants to be unenforceable on that basis.

As to whether defendant violated the second covenant, we hold that Supreme Court correctly found no triable issue of fact. The phrase "materially interfere with the health, comfort or pleasure of the owners or occupants of the remaining lands" is patently vague and the issue of whether an activity violates the covenant would be largely subjective. In such circumstances, plaintiff will be unable to meet his burden of demonstrating the scope of the restriction and its violation by clear and convincing evidence (*see, Greek Peak v Grodner*, 75 NY2d 981, 982; *Sunrise Plaza Assocs. v International Summit Equities Corp.*, 152 AD2d 561, 561, *lv denied* 75 NY2d 703).

With regard to the defense of delay or laches in bringing this action, defendant was required to establish, inter alia, his lack of knowledge that plaintiff would assert the restrictive covenant (*see, Cohen v Krantz*, 227 AD2d 581, 582), as well as an unconscionable delay on plaintiff's part that induced defendant to incur expense or take other measures which will now result in prejudice to him (*see, Zaccaro v Congregation Tifereth Israel of Forest Hills*, 20 NY2d 77, 80; *Delamater v Rybaltowski*, 161 AD2d 1001). Here, the record indicates that defendant built his residence during 1995 and 1996, and that plaintiff's attorney informed defendant in writing of the deed's restrictive covenants in October 1996. Since defendant cites no evidence in the record indicating that plaintiff knew that defendant's residence would be used beyond the summer season prior to that time, we find that the two-month delay before commence-

ment of the action in January 1997 cannot be considered unconscionable as a matter of law.

Finally, as to Supreme Court's reference to other Chenango Lake property owners having previously used their properties on a year-round basis, the record contains evidence that 20 persons who hold title by deeds that include the same restrictive covenants also have listed their lake properties as their primary residence on their applications for school tax relief. Even assuming the truth of the information on these applications, however, they simply establish the owner's primary, rather than year-round, residence. Moreover, even if there were numerous other owners making year-round use of their properties, this fact would not preclude plaintiff's action because plaintiff was entitled to ignore prior inoffensive violations of the restrictive covenant without waiving his right to restrain a subsequent offensive use (*see, Jones v Fowler*, 201 AD2d 878, *lv denied* 83 NY2d 760). The extent of year-round use is only relevant to whether circumstances under the covenants have changed so much that enforcing the covenants against defendant would be inequitable. Since defendant denies seeking relief from the covenants pursuant to RPAPL 1951, it is evident that defendant is not claiming that the covenants' purpose can no longer be accomplished but, rather, that enforcement is inequitable, a claim that involves issues of fact that cannot be resolved as a matter of law. For these reasons, we find that Supreme Court erred in granting defendant summary judgment.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.