■ E.M.R. MANAGEMENT CORP., Doing Business as FAMILY DISCOUNT CENTER, Respondent, v HALSTEAD HARRISON ASSOCIATES, Appellant. [749 NYS2d 569] —In an action for a judgment declaring the parties' rights under a lease, the defendant appeals from a judgment of the Supreme Court, Westchester County (Friedman, J.), dated November 9, 2001, which, after a nonjury trial, is in favor of the plaintiff and against him declaring, inter alia, that the plaintiff is in compliance with the lease, and awarding an attorney's fee.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding an attorney's fee; as so modified, the judgment is affirmed, without costs or disbursements.

It is well settled that the law favors the free and unobstructed use of real property (*see Huggins v Castle Estates,* 36 NY2d 427; *Sunrise Plaza Assoc. v International Summit Equities Corp.,* 152 AD2d 561). Covenants restricting the use of property are strictly construed against the party seeking to enforce

them (*see Bear Mtn. Books v Woodbury Common Partners,* 232 AD2d 595). Restrictive covenants such as "use clauses" in leases should be enforced according to the intent of the parties, which will be primarily determined from the lease (*Bear Mtn. Books v Woodbury Common Partners, supra*). The burden of proof is on the party seeking to enforce the restrictive covenant, and the existence and scope of the covenant must be established by clear and convincing evidence (*see Greek Peak v Grodner,* 75 NY2d 981; *Huggins v Castle Estates, supra*). The defendant failed to establish by clear and convincing evidence that the subject lease precluded the plaintiff from selling hardware.

The Supreme Court improperly awarded the plaintiff an attorney's fee. In the absence of any clear indication that the defendant agreed to undertake the obligation to pay the plaintiff's attorney's fee, and since there is no statute, court rule, or other legal basis for the award of an attorney's fee in this case, the plaintiff is not entitled to such an award (*see Hooper Assoc. v AGS Computers,* 74 NY2d 487; *Orlowski v Koroleski,* 234 AD2d 436).

The defendant's remaining contentions either are without merit or need not be addressed in light of our determination. Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.