ROBERT JAY LUDWIG, Appellant, v CHAUTAUQUA SHORES IMPROVEMENT ASSOCIATION, INC., et al., Respondents. [774 NYS2d 240]—

Appeal from a judgment of the Supreme Court, Chautauqua County (Joseph Gerace, J.), entered March 7, 2003. The judgment dismissed the complaint, awarded judgment to defendants on their counterclaim and granted a permanent injunction.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the complaint is reinstated, the counterclaim is dismissed, the declaration and injunction are vacated and judgment is granted in favor of plaintiff as follows: "It is adjudged and declared that plaintiff's residence does not violate the restrictive covenant of the Chautauqua Shores subdivision governing the height of single family dwellings."

Memorandum: Plaintiff appeals from a judgment dismissing the complaint after a bench trial, awarding judgment to

defendants on their counterclaim declaring that plaintiff's residence is in violation of a restrictive covenant running in favor of defendants' property and granting a permanent injunction prohibiting plaintiff from constructing or maintaining a residence in violation of that restrictive covenant. We conclude that defendants' interpretation of the restrictive covenant is not supported by clear and convincing evidence and thus Supreme Court erred in enforcing the covenant against plaintiff.

" '[T]he law has long favored the free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them' " (*Ledda v Chambers*, 284 AD2d 690, 691 [2001], quoting *Witter v Taggart*, 78 NY2d 234, 237 [1991]; *see also Greek Peak v Grodner*, 155 AD2d 827 [1989], *affd* 75 NY2d 981 [1990]). Therefore, a party seeking to enforce a restrictive covenant "must prove, by clear and convincing evidence, the scope, as well as the existence, of the restriction" (*Greek Peak*, 75 NY2d at 982). "The presence of an ambiguity in a restrictive covenant . . . requires the court to construe the covenant to limit, rather than extend, its restriction" (*Turner v Caesar*, 291 AD2d 650, 651 [2002]). Moreover, where the language used in a restrictive covenant is equally susceptible of two interpretations, the less restrictive interpretation must be adopted (*see Bear Mtn. Books v Woodbury Common Partners*, 232 AD2d 595 [1996], *lv denied* 90 NY2d 808 [1997]; *Sunrise Plaza Assoc. v International Summit Equities Corp.*, 152 AD2d 561 [1989], *lv denied* 75 NY2d 703 [1990]).

The covenant at issue states that "[o]nly one single family dwelling not more than one and one-half stories in height . . . shall be placed on any lot." The court incorrectly accepted defendants' interpretation of the covenant as prohibiting property owners from building homes of more than 1½ stories in *design*, regardless of their *height*. That construction ignores the words "in height" in the restriction, and thereby expands, rather than limits, its application. The words "not more than one and one-half stories in height" are ambiguous in scope, and require clear and convincing proof of their meaning to render the restriction enforceable (*see Ledda*, 284 AD2d at 691). Because defendants failed to present any such clear and convincing proof with respect to what number of feet constitutes a "story in height," the scope of the covenant "is uncertain, doubtful, or debatable," thus rendering it unenforceable as applied to plaintiff's residence (43A NY Jur 2d, Deeds § 106).

Finally, we conclude that, based on the record before us, the doctrines of equitable estoppel and collateral estoppel are inapplicable. Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Kehoe, JJ.