■ Marilyn J. Chisholm, Appellant, v Charles R. DeRose et al., Respondents. [837 NYS2d 449]—

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered August 2, 2006. The order denied plaintiff's motion for summary judgment on the first cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in part, judgment is granted in favor of plaintiff as follows: "It is ADJUDGED AND DECREED that defendants' strip of waterfront property, which is 30 feet in width and is adjacent to plaintiff's property, is subject to a restrictive covenant limiting the use of that strip of property for the purposes of a driveway," defendants are permanently enjoined from maintaining and continuing any building or structure on that strip of property, and defendants are directed to remove or demolish any and all structures, buildings, foundations and improvements from that strip of property forthwith, and the matter is remitted to Supreme Court, Jefferson County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking, inter alia, a declaration that defendants' strip of waterfront property, which is 30 feet in width and is adjacent to plaintiff's property, is subject to a restrictive covenant limiting the use of that strip of property for the purposes of a driveway. Plaintiff further sought a permanent injunction, enjoining defendants from maintaining and continuing any building or structure on that strip of property, and she sought an order directing them to remove or demolish any and all structures, buildings, foundations and improvements from that strip of property. Supreme Court erred in denying plaintiff's motion for summary judgment on the first

cause of action and thus should have granted the relief sought in that cause of action. The restrictive covenant is contained in the deed conveying the strip of property from plaintiff's predecessors in title to defendants' predecessors in title, and plaintiff met her burden of demonstrating that defendants are charged with notice of the restrictive covenant and took the property subject to it (*see Zamiarski v Kozial*, 18 AD2d 297, 298 [1963]). Plaintiff also met her burden of demonstrating as a matter of law that the provision in the deed establishing the restrictive covenant prohibits defendants' construction of a garage, walkway, stairway and dock on the strip of property. The provision states that the "conveyance [was] made for the purposes of a driveway." The issue whether that language is ambiguous is one of law for the court to determine (*see Hurd v Lis*, 92 AD2d 653, 654 [1983]), and we conclude that the provision at issue unambiguously limits the permitted use of the property to a driveway (*see generally Clark v Filler*, 26 AD3d 683, 684 [2006]; *Jones v Fowler* [appeal No. 1], 201 AD2d 878 [1994], *lv denied* 83 NY2d 760 [1994]). Plaintiff therefore is entitled to judgment in her favor on the first cause of action, and we remit the matter to Supreme Court to determine the damages, if any, sustained by plaintiff based on defendants' violation of the restrictive covenant. Present—Gorski, J.P., Martoche, Centra, Lunn and Green, JJ.