Smith, J.P, and Fahey, J.
(dissenting ). This case turns on the issue whether the Silkie chickens raised by defendants’ daughters can be considered “normal household pets.” If they are “normal household pets,” then plaintiff has no basis to seek their removal from defendants’ property. We conclude that the “Declaration of Covenants, Conditions and Restrictions for the Preserve” (Declaration) does not unambiguously empower plaintiff to order the removal of the chickens from defendants’ *1400 property. We would thus affirm the order granting defendants’ cross motion for summary judgment dismissing the complaint, and we therefore respectfully dissent.
“ ‘ “[T]he law has long favored . . . free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them” ’ (Ledda v Chambers, 284 AD2d 690, 691 [2001], quoting Witter v Taggart, 78 NY2d 234, 237 [1991]; see also Greek Peak v Grodner, 155 AD2d 827 [1989], affd 75 NY2d 981 [1990]). Therefore, a party seeking to enforce a restrictive covenant ‘must prove, by clear and convincing evidence, the scope, as well as the existence, of the restriction’ (Greek Peak, 75 NY2d at 982). ‘The presence of an ambiguity in a restrictive covenant . . . requires the court to construe the covenant to limit, rather than extend, its restriction’ (Turner v Caesar, 291 AD2d 650, 651 [2002]). Moreover, where the language used in a restrictive covenant is equally susceptible of two interpretations, the less restrictive interpretation must be adopted (see Bear Mtn. Books v Woodbury Common Partners, 232 AD2d 595 [1996], lv denied 90 NY2d 808 [1997]; Sunrise Plaza Assoc. v International Summit Equities Corp., 152 AD2d 561 [1989], lv denied 75 NY2d 703 [1990])” (Ludwig v Chautauqua Shores Improvement Assn., 5 AD3d 1119, 1120 [2004], lv denied 3 NY3d 601 [2004]; see Ernie Otto Corp. v Inland Southeast Thompson Monticello, LLC, 91 AD3d 1155, 1156 [2012], lv denied 19 NY3d 802 [2012]).
Here, the relevant restrictive covenant states in its entirety that “[n]o animals, livestock, or poultry of any kind shall be raised, bred, or kept on the Properties, except that no more than a total of two (2) dogs, cats, or other normal household pets may be kept in residences subject to rules and regulations adopted by [plaintiff] through its Board of Directors, provided that such pets are not kept, bred, or maintained for any commercial purpose and provided that pet waste shall be removed from the Lot and/or the Common Area by the owner of such pet. The Board shall have the absolute power to prohibit a pet from being kept on the Properties, including inside residences constructed thereon.”
There is no dispute that, subject to the limitations of the restrictive covenant, up to two household pets may be kept on each property encumbered by the restrictive covenant. Affording the least restrictive interpretation of the phrase “normal household pets,” we conclude that there is no evidence in the record that chickens are not “normal household pets” within the meaning of the restrictive covenant.
The issue is whether that part of the restrictive covenant *1401 declaring that plaintiffs Board of Directors (hereafter, Board) has “absolute power to prohibit a pet from being kept on the Properties” applies to the “two . . . dogs, cats or other normal household pets” permitted by the covenant, or whether such power applies only to pets outside the two “dog[ ], cat[ ] or other normal household pet[ ]” limit. In our view, the restrictive covenant is unclear as to the scope of power of the Board, i.e., the restrictive covenant does not specify whether the Board is empowered to prohibit only a pet or pets beyond the two-pet limit, or whether the Board can prohibit the keeping of any pet on defendants’ property. Indeed, under plaintiffs interpretation of the restrictive covenant, the Board’s power to determine the pets not permitted on defendants’ property would be so broad as to allow the Board to regulate and to discriminate by breed, mix, color or gender, and we decline to read the restrictive covenant to permit such selectivity and disparate treatment. Under plaintiffs interpretation, any animal of which the Board disapproves can be prohibited regardless whether it is a “normal household pet.” Apparently, without offering any rationale, the Board is free to determine “absolutely]” what constitutes a “normal household pet.” In our view, the restrictive covenant is ambiguous under any fair reading and, thus, the ambiguity must be resolved against plaintiff, i.e., the party seeking to enforce it (see Ludwig, 5 AD3d at 1120). We would therefore affirm the order granting defendants’ cross motion for summary judgment dismissing the complaint.
Present—Smith, J.E, Fahey, Carni, Valentino and Whalen, JJ.