Corsi v Allen (2023 NY Slip Op 04047)

Corsi v Allen

2023 NY Slip Op 04047

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, AND OGDEN, JJ.

500 CA 22-01020

[*1]JOHN CORSI AND CYNTHIA EVANS, PLAINTIFFS-RESPONDENTS,
v
CATHERINE ALLEN, DEFENDANT-APPELLANT. 

ALLEN & MAINES, ITHACA (RUSSELL E. MAINES OF COUNSEL), FOR DEFENDANT-APPELLANT.
COUGHLIN & GERHART, LLP, BINGHAMTON (KEITH A. O'HARA OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Seneca County (Barry L. Porsch, A.J.), entered June 17, 2022. The order granted plaintiffs' motion for a preliminary injunction, and denied defendant's motion to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion of plaintiffs is denied and judgment is granted in favor of defendant as follows:
It is ADJUDGED and DECLARED that the restrictive covenant does not bar defendant from completing the proposed construction. Memorandum: Plaintiffs and defendant own adjacent properties on Cayuga Lake that are subject to a restrictive covenant recorded in 1929. At the time defendant came into possession of her property, there was a preexisting structure on the shoreline that included "a kitchen and dining area, two bedrooms, a bathroom and a sleeping porch at the upper level, and a boat mooring area at the lower level." In March 2020, defendant demolished that structure, intending to replace it with a new structure along the shoreline including a boat mooring area and, above that, a bedroom, kitchen, dining room, and living room, as well as a third-floor bedroom and bathroom. Shortly after the preexisting structure was demolished, but prior to the start of construction on the replacement structure, plaintiffs informally sought to prevent the construction, informing defendant that they believed that such a structure would violate the terms of the restrictive covenant, which prohibits any building from being "erected between the lake shore and the highway upon any of said lots or parcels, except a suitable boat house with rooms above if desired." When plaintiffs and defendant were unable to come to a resolution regarding the proposed construction, plaintiffs commenced this action seeking, inter alia, a declaration that the proposed construction is in violation of the restrictive covenant and a permanent injunction enjoining defendant from constructing the proposed structure. Plaintiffs also moved by order to show cause for a preliminary injunction enjoining defendant from taking any action in furtherance of the planned construction. Defendant filed a pre-answer motion to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (1) and (7). Supreme Court granted plaintiffs' motion for a preliminary injunction and denied defendant's motion to dismiss. Defendant appeals.
As a preliminary matter, in this declaratory judgment action, we treat defendant's motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7) as a motion for a declaration in her favor (see Matter of Kerri W.S. v Zucker, 202 AD3d 143, 153-155 [4th Dept 2021], lv dismissed 38 NY3d 1028 [2022]; New Yorkers for Constitutional Freedoms v New York State Senate, 98 AD3d 285, 288, 297 [4th Dept 2012], lv denied 19 NY3d 814 [2012]).
We agree with defendant that the court erred in failing to grant her motion. "Restrictive covenants will be enforced when the intention of the parties is clear and the limitation is reasonable and not offensive to public policy" (Chambers v Old Stone Hill Rd. Assoc., 1 NY3d 424, 431 [2004]). The "party seeking to enforce a restriction on land must prove, by clear and convincing evidence, the scope, as well as the existence, of the restriction" (Kleist v Stern, 174 AD3d 1451, 1453 [4th Dept 2019]). "The presence of an ambiguity in a restrictive covenant . . . requires the court to construe the covenant to limit, rather than extend, its restriction" (Ludwig v Chautauqua Shores Improvement Assn., 5 AD3d 1119, 1120 [4th Dept 2004], lv denied 3 NY3d 601 [2004] [internal quotation marks omitted]). "Moreover, where the language used in a restrictive covenant is equally susceptible of two interpretations, the less restrictive interpretation must be adopted" (id.). Here, the presence of ambiguity requires us to utilize the interpretation that "limits the restriction" (Matter of Gedney Assn., Inc. v Common Council of the City of White Plains, 209 AD3d 1019, 1021 [2d Dept 2022] [internal quotation marks omitted]; see Ludwig, 5 AD3d at 1120), and we agree with defendant that the restrictive covenant does not prohibit the construction of the proposed structure on the shoreline.
Specifically, we conclude that the use of the phrase "suitable boat house with rooms above" is capable of more than one interpretation, including the interpretation advocated by defendant—i.e., that the permitted rooms may be used as a residence inasmuch as the restrictive covenant does not expressly limit the use of such rooms. Defendant's proposed construction, which includes a
a boat mooring area and, above that, a kitchen, dining room, living room, bedrooms, and bathrooms, is "not unequivocally prohibited by the language of the covenant" (Turner v Caesar, 291 AD2d 650, 652 [3d Dept 2002]). Indeed, the disputed phrase renders the scope of the covenant "uncertain, doubtful, or debatable, thus rendering it unenforceable" as applied to defendant's proposed construction (Ludwig, 5 AD3d at 1120 [internal quotation marks omitted]; see Kleist, 174 AD3d at 1453; Turner, 291 AD2d at 652; cf. Ford v Rifenburg, 94 AD3d 1285, 1285-1286 [3d Dept 2012]).
We therefore reverse the order, deny plaintiffs' motion, and grant judgment in favor of defendant, declaring that the restrictive covenant does not bar defendant from completing the proposed construction.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court